CARL ALSTON, as Administrator of the Estate of JEARLENE ALSTON, Plaintiff v.
GRANVILLE HEALTH SYSTEM (FORMERLY Granville Medical Center, A
County Owned Hospital and Agency of Granville County), GRANVILLE
MEDICAL CENTER BOARD OF TRUSTEES, and DR. REGINALD HALL,
Defendants

No. COA11-1522

(Filed 19 June 2012)

**1. Collateral Estoppel and Res Judicata—summary judgment motion—not a relitigation of same issues in prior motions to dismiss**

The trial court did not err by granting summary judgment in favor of defendants in an action seeking to hold defendants liable for decedent's injuries sustained while she was a patient under defendants' medical care even though plaintiff contended the motion was an attempt by defendants to relitigate the very same issues that were litigated in the context of their prior motions to dismiss. The question determined by the Court of Appeals in the first appeal was not the same question addressed by the trial court in its summary judgment order.

**2. Medical Malpractice—failure to include Rule 9(j) certification—negligence—doctrine of res ipsa loquitur inapplicable**

The trial court did not err by concluding that defendants were not entitled to judgment as a matter of law on plaintiff's negligence claim alleging the application of *res ipsa loquitur*. The *res ipsa loquitur* doctrine was unavailable since evidence of decedent's injury was available. Plaintiff's action was one for medical malpractice, and plaintiff's complaint was properly dismissed for failure to include the necessary N.C.G.S. § 1A-1, Rule 9(j) certification.

Appeal by Plaintiff from orders entered 26 May and 9 June 2011 by Judge Henry W. Hight, Jr., in Granville County Superior Court. Heard in the Court of Appeals 24 April 2012.

*D. Lynn Whitted for Plaintiff.*

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, L.L.P., by Timothy P. Lehan and Bryan A. McGann, for Defendants Granville Health System and Granville Medical Center Board of Trustees.*

*Young Moore and Henderson, P.A., by William P. Daniell, Elizabeth P. McCullough, Kelly E. Street, and Michelle A. Greene, for Defendant Dr. Reginald Hall.*

STEPHENS, Judge.

Plaintiff Carl Alston, administrator of the estate of Jearlene Alston, commenced this action in Granville County Superior Court against Defendants Granville Health System, Granville Medical Center Board of Trustees, and Dr. Reginald Hall, seeking to hold Defendants liable for injuries Jearlene Alston ("Decedent") sustained while she allegedly was a patient under Defendants' medical care. Upon Defendants' motions, the trial court subsequently dismissed Plaintiff's complaint for failure to state a claim pursuant to North Carolina Rule of Civil Procedure 12(b)(6). In *Alston v. Granville Health Sys.*, No. COA09-1540, 2010 N.C. App. LEXIS 1838 (Sept. 21, 2010), this Court reversed the dismissal, holding that Plaintiff had sufficiently pled a *prima facie* case of negligence based on the doctrine of *res ipsa loquitur* to survive Defendants' Rule 12(b)(6) motions.

On remand, and following a brief period of discovery, Defendants filed motions for summary judgment. The evidence presented in connection with Defendants' motions tended to show the following: When Defendant Dr. Hall performed surgery on Decedent at Defendant Granville Medical Center, Decedent was under anesthesia and was restrained during the surgery, and Dr. Hall did not remove the restraint following the surgery. When Dr. Hall "stepped away from the operative table" "to write [his] operative note," "the anesthesiologist and/or [Certified Registered Nurse Anesthetists] was/were responsible for [Decedent's] care." Those anesthesiological personnel "used [their] anesthesia training and experience in making the determination as to whether [Decedent's] restraint could safely be removed." At some point after surgery, the anesthesiological personnel removed Decedent's restraint. Thereafter, Decedent "quickly flipped or fell off of the right side of the [operating] table." Decedent was injured when she fell and passed away several years later.

Following the hearing, the trial court, the Honorable Henry W. Hight, Jr., presiding, granted summary judgment for Defendants. Plaintiff appeals.

[1] On appeal, Plaintiff first argues that the trial court's decision to grant summary judgment for Defendants was erroneous because Defendants' motions for summary judgment were attempts by

**ALSTON v. GRANVILLE HEALTH SYS.**

[221 N.C. App. 416 (2012)]

Defendants to "re-litigate the very same issues that were litigated . . . in the context of their [] motions to dismiss . . . and which were ultimately decided by the [] Court of Appeals," and the trial court's ruling on those motions violated the "law of the case" doctrine. This argument is meritless.

> [A]s a general rule when an appellate court passes on a question and remands the cause for further proceedings, the questions there settled become the law of the case, both in subsequent proceedings in the trial court and on subsequent appeal, *provided the same facts and the same questions which were determined in the previous appeal are involved in the second appeal.*

*Hayes v. Wilmington,* 243 N.C. 525, 536, 91 S.E.2d 673, 681-82 (1956) (emphasis added). In this case, the question determined by this Court in the first appeal is not the same question addressed by the trial court in its summary judgment order and now before this Court in this appeal.

It is well settled that

> [t]he test on a motion to dismiss under Rule 12(b)(6) is whether the pleading is legally sufficient. The test on a motion for summary judgment made under Rule 56 and supported by matters outside the pleadings is whether on the basis of the materials presented to the court there is any genuine issue as to any material fact and whether the movant is entitled to judgment as a matter of law. Therefore, the denial of a motion to dismiss made under Rule 12(b)(6) does not prevent the court . . . from thereafter allowing a subsequent motion for summary judgment made and supported as provided in Rule 56.

*Barbour v. Little,* 37 N.C. App. 686, 692, 247 S.E.2d 252, 255-56 (1978). Accordingly, although in the first appeal we held that Plaintiff's *complaint,* considered on its own and taking its allegations as true,[1] sufficiently set forth a claim of negligence under the theory of *res ipsa loquitur,* the trial court was not precluded from thereafter determining that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is

---

1. When reviewing a trial court's dismissal pursuant to Rule 12(b)(6), we determine whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory. *Wood v. Guilford Cty.,* 355 N.C. 161, 166, 558 S.E.2d 490, 494 (2002).

**ALSTON v. GRANVILLE HEALTH SYS.**

[221 N.C. App. 416 (2012)]

entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2011). Plaintiff's argument is overruled.

**[2]** Plaintiff next argues that the trial court's ruling was erroneous because Defendants were not entitled to judgment as a matter of law on Plaintiff's negligence claim alleging the application of *res ipsa loquitur.* We disagree.

. The doctrine of *res ipsa loquitur* applies when "(1) direct proof of the cause of an injury is not available, (2) the instrumentality involved in the accident is under the defendant's control, and (3) the injury is of a type that does not ordinarily occur in the absence of some negligent act or omission." *Grigg v. Lester,* 102 N.C. App. 332, 333, 401 S.E.2d 657, 657-58 (1991) (citation omitted). In our previous opinion, we held that Plaintiff "alleged sufficient facts to establish a *prima facie* case of negligence under the doctrine of *res ipsa loquitur* to survive Defendants' 12(b)(6) motion." We concluded that, taken as true, Plaintiff's allegations "that it is unknown how Decedent fell off the gurney; that Decedent and the gurney were under Defendants' control; and that this injury would not have occurred in the absence of negligence" satisfied the elements of a *res ipsa loquitur* claim. On remand, however, Defendants presented evidence showing that *res ipsa loquitur* is not applicable because there is evidence that direct proof of the cause of Decedent's injury is available.

According to evidence offered by Defendants, as Decedent was regaining consciousness after undergoing anesthesia, she "quickly flipped or fell off" the operating table. At the time, Decedent was still unconscious and was unrestrained. In an affidavit offered by Defendants, a board-certified anesthesiologist opined that Decedent slipped from the operating table as a result of her "suddenly moving on the operative table" in reaction to her realization of "the presence of the intubation tube" in her throat. Various other affidavits tend to show that the cause of Decedent's fall from the table was the failure of the medical personnel to restrain Decedent. Furthermore, Plaintiff offered nothing to refute Defendants' forecast of evidence on why Decedent fell off the table, and, indeed, asserts in his pleading that Decedent's injuries were "caused diretly [sic]" by medical personnel's failure "to make sure that [Decedent] was securely strapped to the operating table."[2]

---

2. We note further that Plaintiff offered no evidence at all in response to Defendants' summary judgment motions. Rather, it appears he contends that the mere allegation of the applicability of the *res ipsa loquitur* doctrine in his confusing and

"Our Court has held that the *res ipsa loquitur* doctrine is only applicable where there is no direct proof of the cause of the injury available to the plaintiff." *Yorke v. Novant Health, Inc.*, 192 N.C. App. 340, 352, 666 S.E.2d 127, 136 (2008) (internal quotation marks omitted). As such, where evidence constituting direct proof of the cause of injury is presented, "the doctrine of *res ipsa loquitur* [is] not applicable." *Id.* at 353, 666 S.E.2d at 136.

In *Yorke*, the plaintiff consistently identified an overly-tightened blood pressure cuff as the source of his injury. *Id.* In *Rowell v. Bowling*, 197 N.C. App. 691, 697, 678 S.E.2d 748, 752 (2009), the evidence pointed to incisions made by the defendant in the plaintiff's knee as the cause of her injury. In each case, we held that the existence of such direct proof of the cause of the injury precluded the applicability of the *res ipsa loquitur* doctrine. *See Yorke*, 192 N.C. App. at 353, 666 S.E.2d at 136; *Rowell*, 197 N.C. App. at 697, 678 S.E.2d at 752. Similarly, in this case, the uncontradicted affidavits presented by Defendants establish that the cause of Decedent's injury was the absence of restraints on Decedent as she awoke from anesthesia. This proof of the cause of Decedent's injury precludes application of the *res ipsa loquitur* doctrine.

"If the facts of the case justify [] the application of the doctrine of *res ipsa loquitur*, the nature of the occurrence and the inference to be drawn supply the requisite degree of proof to carry the case to the jury without direct proof of negligence." *Tice v. Hall*, 310 N.C. 589, 593, 313 S.E.2d 565, 567 (1984). However, "where the [*res ipsa loquitur*] rule does not apply, the plaintiff must prove circumstances tending to show some fault of omission or commission on the part of the defendant *in addition* to those which indicate the physical cause of the accident." *Kekelis v. Whitin Machine Works*, 273 N.C. 439, 444, 160 S.E.2d 320, 323 (1968) (emphasis in original) (quoting *Harris v. Mangum*, 183 N.C. 235, 237, 111 S.E. 177, 178 (1922)). As evidence of

---

contradictory complaint entitles him to take his case to the jury. This is not so. As discussed *infra*, the *res ipsa loquitur* doctrine is only available to a Plaintiff where there is an absence of direct proof of negligence. Surely, one could imagine a scenario based on Plaintiff's scant pleading where the doctrine would be applicable—perhaps where no doctors present in the operating room had any idea how Decedent fell. Thus, we held in the first appeal that Plaintiff's allegations—including his allegation that "[d]irect proof of the cause of the injuries herein before complained of is not available to [Decedent]"—*taken as true*, sufficiently set forth a claim of negligence based on the doctrine of *res ipsa loquitur*. However, that allegation of the absence of direct proof has been refuted by Defendants, and, rather than presenting his own evidence to rebut or supplement Defendants' evidence, Plaintiff instead unwisely chose to rest on his pleadings.

the cause of Decedent's injury—failure to restrain—is available and, thus, the *res ipsa loquitur* doctrine is unavailable, Plaintiff must have presented some evidence tending to show that medical personnel negligently failed to restrain Decedent on the operating table. The evidence presented by Defendants in support of their summary judgment motions, however, shows that the decision to restrain a patient under anesthesia is one that requires use of specialized skill and knowledge and, therefore, is considered a professional service. *See Smith v. Keator*, 21 N.C. App. 102, 105-06, 203 S.E.2d 411, 415 (defining professional services as acts arising out of employment involving specialized knowledge, labor, or skill), *aff'd*, 285 N.C. 530, 206 S.E.2d 203, *appeal dismissed*, 419 U.S. 1043, 42 L. Ed. 2d 636 (1974); *cf. Sturgill v. Ashe Mem'l Hosp., Inc.*, 186 N.C. App. 624, 630, 652 S.E.2d 302, 306 (2007) ("Because the decision to apply restraints is a medical decision requiring clinical judgment and intellectual skill, it is a professional service." (internal citation omitted)). Based upon the forecast of evidence presented by Defendants and unrefuted by Plaintiff, Plaintiff's action is one for medical malpractice that requires North Carolina Rule of Civil Procedure 9(j) certification. *See Sturgill*, 186 N.C. App. at 627, 652 S.E.2d at 305 (claim for negligent provision of professional medical service is a claim for medical malpractice); *see also* N.C. Gen. Stat. § 1A-1, Rule 9(j) (2011) (medical malpractice claims that do not establish application of *res ipsa loquitur* must contain required certification). As Plaintiff's complaint does not contain the Rule 9(j) certification, it "shall be dismissed." N.C. Gen. Stat. § 1A-1, Rule 9(j). Accordingly, we conclude that the trial court did not err by granting summary judgment for Defendants and dismissing Plaintiff's complaint. The order of the trial court is

AFFIRMED.

Judges MCGEE and HUNTER, ROBERT N., JR., concur.