IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA16-1015

 Filed: 16 May 2017

Robeson County, No. 15 CVS 1945

MARJORIE C. LOCKLEAR, Plaintiff,

 v.

MATTHEW S. CUMMINGS, M.D., SOUTHEASTERN REGIONAL MEDICAL
CENTER, DUKE UNIVERSITY HEALTH SYSTEM and DUKE UNIVERSITY
AFFILIATED PHYSICIANS, INC., Defendants.

 Appeal by Plaintiff from orders entered 2 February 2016 and 4 February 2016

by Judge James Gregory Bell in Robeson County Superior Court. Heard in the Court

of Appeals 8 March 2017.

 Law Offices of Walter L. Hart, IV, by Walter L. Hart, IV, for Plaintiff-Appellant.

 Cranfill Sumner & Hartzog LLP, by Jaye E. Bingham-Hinch, David D. Ward,
 and Katherine Hilkey-Boyatt, for Defendant-Appellees Matthew S. Cummings,
 M.D., Duke University Health System, and Duke University Affiliated
 Physicians, Inc.

 Brotherton Ford Berry & Weaver, PLLC, by Robert A. Ford and Demetrius
 Worley Berry, for Defendant-Appellee Southeastern Regional Medical Center.

 HUNTER, JR., Robert N., Judge.

 Marjorie C. Locklear (“Plaintiff”) appeals from an order dismissing her

complaint against Defendants Dr. Matthew Cummings, Duke University Health

System, and Duke University Affiliated Physicians (collectively “Duke Defendants”)

under Rule 9(j), as well as the denial of her motion to amend under Rule 15(a).
 LOCKLEAR V. CUMMINGS

 Opinion of the Court

Plaintiff also appeals from an order dismissing her complaint against Defendant

Southeastern Regional Medical Center (“Southeastern”) under Rules 9(j) and

12(b)(5), as well as the denial of her motion to amend under Rule 15(a). After review,

we reverse in part and affirm in part.

 I. Factual and Procedural Background

 On 30 July 2015, one day before the statute of limitations expired, Plaintiff

filed a complaint against Defendants, seeking monetary damages for medical

negligence. The complaint alleges the following narrative.

 On 31 July 2012, Dr. Cummings performed cardiovascular surgery on Plaintiff.

During surgery, Dr. Cummings failed to monitor and control Plaintiff’s body and was

distracted. Additionally, he did not position himself in close proximity to Plaintiff’s

body. While Plaintiff “was opened up and had surgical tools in her[,]” Plaintiff fell off

of the surgical table. Plaintiff’s head and the front of her body hit the floor. As a

result of the fall, Plaintiff suffered a concussion, developed double vision, injured her

jaw, displayed bruises, and was “battered” down the left side of her body. Plaintiff

also had “repeated” nightmares about falling off the surgical table. Duke Defendants

and Defendant Southeastern acted negligently by retaining physicians, nurses, and

other healthcare providers who allowed Plaintiff’s accident to occur.

 On 9 September 2015, private process server, Richard Layton, served Duke

Defendants by delivering Plaintiff’s civil cover sheet, summons, and complaint to

 -2-
 LOCKLEAR V. CUMMINGS

 Opinion of the Court

Margaret Hoover, a registered agent for Duke Defendants. On 19 September 2015,

Gary Smith, Jr. served Plaintiff’s summons and complaint on Dr. Cummings. Lastly,

on 24 September 2015, Smith served Plaintiff’s summons and complaint on

Southeastern by delivering the papers to C. Thomas Johnson, IV, Southeastern’s

Chief Financial Officer.1

 On 10 November 2015, Dr. Cummings and Duke Defendants filed a joint

answer and motion to dismiss. Dr. Cummings and Duke Defendants denied the

allegations in Plaintiff’s complaint and asserted defenses under Rules 12(b)(6) and

9(j) of the North Carolina Rules of Civil Procedure.

 On 23 November 2015, Southeastern filed an answer and denied Plaintiff’s

allegations. Southeastern moved to dismiss Plaintiff’s compliant under Rules

12(b)(4), 12(b)(5), 12(b)(6), and 9(j) of the North Carolina Rules of Civil Procedure.

On 29 December 2015, Johnson filed an affidavit. In the affidavit, Johnson swore he

was the Chief Financial Officer of Southeastern, but not the corporation’s registered

agent.

 On 11 January 2016, the trial court held a hearing on all the Defendants’

pending motions. During argument, Plaintiff requested “leave of the Court to amend

[the] complaint so that there’s no controversy hereafter.” Plaintiff moved under Rule

 1 In Smith’s affidavit, he listed Johnson as Southeastern’s registered agent.

 -3-
 LOCKLEAR V. CUMMINGS

 Opinion of the Court

60, not Rule 15(a), because “Rule 60 . . . allows a mere clerical order – error to be

corrected.” Then, Plaintiff requested leave “pursuant to Rules 15(a) and 60.”

 On 2 February 2016, the trial court granted Dr. Cummings’s and Duke

Defendants’ motion to dismiss pursuant to Rule 9(j) and denied Plaintiff’s motion to

amend under Rule 15(a). On 4 February 2016, the trial court granted Southeastern’s

motion to dismiss pursuant to Rules 9(j) and 12(b)(5) and denied Plaintiff’s motion to

amend under Rule 15(a). Plaintiff filed timely notice of appeal.

 II. Standard of Review

 The standard of review of a Rule 12(b)(6) motion to dismiss is de novo. Leary

v. N.C. Forest Prods., Inc., 157 N.C. App. 396, 400, 580 S.E.2d 1, 4 (2003). Likewise,

a trial court’s order dismissing a complaint pursuant to Rule 9(j) is reviewed de novo

on appeal because it is a question of law. Barringer v. Wake Forest Univ. Baptist Med.

Ctr., 197 N.C. App. 238, 256, 677 S.E.2d 465, 477 (2009) (citation omitted).

 We review the trial court’s dismissal under Rule 12(b)(5) de novo. New

Hanover Cty. Child Support Enforcement ex rel. Beatty v. Greenfield, 219 N.C. App.

531, 533, 723 S.E.2d 790, 792 (2012) (citation omitted).

 III. Analysis

A. Motions to Dismiss under Rule 12(b)(6) and Rule 9(j)

 -4-
 LOCKLEAR V. CUMMINGS

 Opinion of the Court

 Plaintiff argues the trial court erred in dismissing her complaint against all

the Defendants under Rule 12(b)(6) and Rule 9(j). Because Plaintiff’s claims sound

in ordinary negligence, not medical malpractice, we agree.

 “In North Carolina, the distinction between a claim of medical malpractice and

ordinary negligence is significant for several reasons, including that medical

malpractice actions cannot be brought [without Rule 9(j) compliance].” Gause v. New

Hanover Reg’l Med. Ctr., ___ N.C. App. ___, ___, 795 S.E.2d 411, ___ (2016) (citing

N.C. Gen. Stat. § 1A-1, Rule 9(j) (2015)).

 “Whether an action is treated as a medical malpractice action or as a common

law negligence action is determined by our statutes[.]” Smith v. Serro, 185 N.C. App.

524, 529, 648 S.E.2d 566, 569 (2007). N.C. Gen. Stat. § 90-21.11(2)(a) defines a

medical malpractice action as “[a] civil action for damages for personal injury or death

arising out of the furnishing or failure to furnish professional services in the

performance of . . . health care by a health care provider.” N.C. Gen. Stat. § 90-

21.11(2)(a). “The term ‘professional services’ is not defined by our statutes but has

been defined by the Court as ‘an act or service arising out of a vocation, calling,

occupation, or employment involving specialized knowledge, labor, or skill, and the

labor or skill involved is predominantly mental or intellectual, rather than physical

or manual.’” Gause, ___ N.C. App. at ___, 795 S.E.2d at ___ (quoting Sturgill v. Ashe

Mem’l Hosp., Inc., 186 N.C. App. 624, 628, 652 S.E.2d 302, 305 (2007)). “Our courts

 -5-
 LOCKLEAR V. CUMMINGS

 Opinion of the Court

have classified as medical malpractice those claims alleging injury resulting from

activity that required clinical judgment and intellectual skill.” Id. at ___, 795 S.E.2d

at ___ (citation omitted). “Our courts have classified as ordinary negligence those

claims alleging injury caused by acts and omissions in a medical setting that were

primarily manual or physical and which did not involve a medical assessment or

clinical judgment.” Id. at ___, 795 S.E.2d at ___ (citation omitted).

 In cases of a plaintiff falling, the deciding factor is whether the decisions

leading up to the fall required clinical judgment and intellectual skill. Where the

complaint alleges or discovery shows the fall occurred because medical personnel

failed to properly use restraints, the claim sounded in medical malpractice. Sturgill,

186 N.C. App. at 628-30; Alston v. Granville Health Sys., 221 N.C. 416, 421, 727

S.E.2d 877, 881 (2012) (“Alston II”). However, when a complaint alleged the plaintiff

fell of a gurney in an operating room while unconscious, this Court held the claim

sounded in ordinary negligence, not medical malpractice. Alston v. Granville Health

Sys., No. 09-1540, 2010 WL 3633738 (unpublished) (Sept. 21, 2010) (“Alston I”).2 The

 2 In Alston I, this Court reversed the trial court’s dismissal of plaintiff’s complaint and held
Rule 9(j) certification was not required, because plaintiff’s claims sounded in ordinary negligence.
Following discovery and a motion for summary judgment, the trial court granted summary judgment
for defendants and dismissed the plaintiff’s action again. This Court upheld the subsequent dismissal,
as discovery showed “the decision to restrain a patient under anesthesia is one that requires use of
specialized skill and knowledge and, therefore, is considered a professional service.” Alston II, 221
N.C. App. at 421, 727 S.E.2d at 881.

 -6-
 LOCKLEAR V. CUMMINGS

 Opinion of the Court

question is whether the actions leading to the fall require specialized skill or clinical

judgment. Gause, ___ N.C. App. at ___, 795 S.E.2d at ___ (citations omitted).

 In her complaint, Plaintiff states, inter alia:

 23. That, at all times relevant to this action, Defendant
 Cummings . . . held himself out to possess the special skills
 and knowledge possessed by other physicians practicing in
 the specialized field of internal medicine, cardiology, and
 cardiovascular surgery.

 24. That the medical care and treatment rendered to
 Plaintiff by Defendant Cummings on July 31, 2012 has
 been reviewed by a person who is reasonably expected to
 qualify as an expert witness under Rule 702 of the North
 Carolina Rules of Evidence, and who is willing to testify
 that the medical care rendered to Plaintiff fell below the
 applicable standard of care.

 25. That the medical care and treatment of Defendant
 Cummings has been reviewed by a person that Plaintiff
 will seek to have qualified by an expert witness under Rule
 702 of the North Carolina Rules of Evidence, and who is
 willing to testify that the medical care rendered to Plaintiff
 fell below the applicable standard of care.

 ...

 27. That the times, places, and on the occasion herein in
 question, Defendant Cummings was negligent, and his acts
 and omissions of negligence include, but are not limited to:

 a) In failing to use his best professional judgment
 and skill while operating on the Plaintiff;

 b) In failing to properly control Plaintiff’s body
 during the surgery;

 c) In failing to properly monitor Plaintiff’s body

 -7-
 LOCKLEAR V. CUMMINGS

 Opinion of the Court

 during surgery;

 d) In allowing himself to be distracted;

 e) In not positioning himself in close proximity to
 Plaintiff’s body;

 f) In not properly supervising and directing the
 proximity of nurses and other staff in relation to
 Plaintiff;

 g) In allowing Plaintiff to fall off the operating table;

 h) In failing to use good judgment, reasonable skill,
 and diligence in the treatment of Plaintiff; and

 i) Defendant Cummings was otherwise careless and
 negligent.

 Plaintiff’s complaint sounds in ordinary negligence, not medical malpractice.

Although Plaintiff uses language which would seemingly trigger a medical

malpractice claim, we conclude the facts in Plaintiff’s complaint give rise to a claim

of ordinary negligence. Plaintiff’s factual allegation, namely “Plaintiff was allowed

to fall off the operating table while Plaintiff was opened up and had surgical tools in

her[,]” forecasts the type of injury resulting from actions not requiring specialized

skill or clinical judgment. Gause, ___ N.C. App. at ___, 795 S.E.2d at ___ (citations

omitted).

 Dr. Cummings and Duke Defendants contend Plaintiff failed to argue her

action is not medical malpractice, and, thus, Plaintiff is barred from raising this issue

on appeal. Defendants further contend we cannot address this issue on appeal, as it

 -8-
 LOCKLEAR V. CUMMINGS

 Opinion of the Court

would constitute this Court improperly supplementing an appellant’s brief. However,

in our de novo review, we cannot review whether the trial court erred in dismissing

Plaintiff’s complaint under Rule 9(j) without addressing whether Rule 9(j)

certification is required.

 Notwithstanding Defendants’ arguments, we hold this action sounds in

ordinary negligence. Therefore, Plaintiff was not required to comply with Rule 9(j).

Accordingly, the trial court erred in dismissing Plaintiff’s complaint under Rules

12(b)(6) and 9(j).3

 The concurring and dissenting opinion asserts our majority supplements

Plaintiff’s arguments on appeal and improperly concludes Plaintiff’s claims sound in

ordinary negligence. In support of this contention, the concurring and dissenting

opinion cites to the legislative intent of Rule 9(j).

 At the outset, as stated above, our majority does not improperly supplement

Plaintiff’s appeal because, in our de novo review, we must decide whether Rule 9(j)

certification is required before we can affirm a trial court’s dismissal of a complaint

for lack of Rule 9(j) compliance.

 Next, we note a court’s “consideration of a motion brought under Rule 12(b)(6)

is limited to examining the legal sufficiency of the allegations contained within the

 3 Because we reverse the trial court’s order on Rule 12(b)(6) and Rule 9(j) grounds, we need
not address whether the trial court erred in denying Plaintiff’s motion to amend her complaint under
Rule 15 of the North Carolina Rules of Civil Procedure.

 -9-
 LOCKLEAR V. CUMMINGS

 Opinion of the Court

four corners of the complaint.” Hillsboro Partners, LLC v. City of Fayetteville, 226

N.C. App. 30, 32-33, 738 S.E.2d 819, 822 (2013) (citation omitted). See also

Jackson/Hill Aviation, Inc. v. Town of Ocean Isle Beach, ___ N.C. App. ___, ___, 796

S.E.2d 120, ___ (2017) (citation omitted). Additionally, “[d]ismissal of an action under

Rule 12(b)(6) is appropriate when the complaint ‘fail[s] to state a claim upon which

relief can be granted.’” Arnesen v. Rivers Edge Golf Club & Plantation, Inc., 368 N.C.

440, ___, 781 S.E.2d 1, 7 (2015) (quoting N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) (2013))

(second alteration in original). “When the complaint on its face reveals that no law

supports the claim [or] reveals an absence of facts sufficient to make a valid claim . . .

dismissal is proper.” Id. at ___, 781 S.E.2d at 8 (citation omitted) (emphasis added).

Accordingly, there is no need to delve into the legislative intent behind Rule 9(j).

Instead, we look at the four corners of Plaintiff’s complaint and acknowledge that

Plaintiff revealed facts sufficient to make a valid claim, a claim of ordinary

negligence, under our case law. See id. at ___, 781 S.E.2d at 8 (citation omitted).

B. Motion to Dismiss under Rule 12(b)(5)

 Plaintiff next contends the trial court erred in dismissing her claims against

Southeastern under Rule 12(b)(5). We disagree.

 Rule 4 of the North Carolina Rules of Civil Procedure governs service of process

in North Carolina. Rule 4 states, inter alia:

 (a) Summons — Issuance; who may serve.–Upon the filing
 of the complaint, summons shall be issued forthwith, and

 - 10 -
 LOCKLEAR V. CUMMINGS

 Opinion of the Court

 in any event within five days. The complaint and summons
 shall be delivered to some proper person for service. In this
 State, such proper person shall be the sheriff of the county
 where service is to be made or some other person duly
 authorized by law to serve summons.

 ...

 (h) Summons—When proper officer not available.—If at
 any time there is not in a county a proper officer, capable
 of executing process, to whom summons or other process
 can be delivered for service, or if a proper officer refuses or
 neglects to execute such process, or if such officer is a party
 to or otherwise interested in the action or proceeding, the
 clerk of the issuing court, upon the facts being verified
 before him by written affidavit of the plaintiff or his agent
 or attorney, shall appoint some suitable person who, after
 he accepts such process for service, shall execute such
 process in the same manner, with like effect, and subject to
 the same liabilities, as if such person were a proper officer
 regularly serving process in that county.

 (h1) Summons—When process returned unexecuted. –If a
 proper officer returns a summons or other process
 unexecuted, the plaintiff or his agent or attorney may
 cause service to be made by anyone who is not less than 21
 years of age, who is not a party to the action, and who is
 not related by blood or marriage to a party to the action or
 to a person upon whom service is to be made. This
 subsection shall not apply to executions pursuant to Article
 28 of Chapter 1 or summary ejectment pursuant to Article
 3 of Chapter 42 of the General Statutes.

N.C. Gen. Stat. § 1A-1, Rule 4 (2016).

 - 11 -
 LOCKLEAR V. CUMMINGS

 Opinion of the Court

 Plaintiff argues service by a private process server is permissible under the

North Carolina Rules of Civil Procedure if the private process server files an affidavit

under N.C. Gen. Stat. § 1-75.10.4

 Southeastern contends holding Plaintiff’s service was proper conflates Rule

4(a) with Rule 4(h) and Rule 4(h1). We agree.

 Here, Plaintiff hired a private process server, Smith, to serve Southeastern.

On 24 September 2015, Smith served Johnson, the Chief Financial Officer of

Southeastern. On 14 October 2015, Smith signed an “Affidavit of Process Server”

asserting he was over the age of 18 years, not a party to the action, and “authorized

by law to perform said service.”

 In North Carolina, private process service is not always “authorized under

law”. The proper person for service in North Carolina is the sheriff of the county

where service is to be attempted or some other person duly authorized by law to serve

summons. N.C. Gen. Stat. § 1A-1, Rule 4(a). Although Plaintiff’s process server filed

the statutorily required affidavit, a self-serving affidavit alone does not confer “duly

authorized by law” status on the affiant. Legal ability to serve process by private

process server is limited by statute in North Carolina to scenarios where the sheriff

is unable to fulfill the duties of a process server. N.C. Gen. Stat. § 1A-1, Rule 4(h),

 4 In support of her argument, Plaintiff also cites Garrett v. Burris, No. COA14-1257, 2015 WL
4081832 (unpublished) (N.C. Ct. App. July 7, 2015). However, Garrett is an unpublished opinion and
is not binding authority.

 - 12 -
 LOCKLEAR V. CUMMINGS

 Opinion of the Court

(h1). For example, if the office of the sheriff is vacant, the county’s coroner may

execute service. N.C. Gen. Stat. § 162-5. Additionally, if service is unexecuted by the

sheriff under Rule 4(a), the clerk of the issuing court can appoint “some suitable

person” to execute service under Rule 4(h). Here, the record does not disclose the

sheriff was unable to deliver service so that the services of a process server would be

needed. This is commonly accepted statutory practice in North Carolina and

discussed in treatises dealing with civil procedure. See William A. Shuford, North

Carolina Civil Practice and Procedure § 4.2 (6th ed.); 1 G. Gray Wilson, North

Carolina Civil Procedure § 4-4, at 4-16 (2016). Accordingly, we affirm the trial court’s

order dismissing Plaintiff’s claims against Southeastern under Rule 12(b)(5) of the

North Carolina Rules of Civil Procedure.

 IV. Conclusion

 For the foregoing reasons, we reverse the trial court’s order dismissing

Plaintiff’s complaint against Dr. Cummings and Duke Defendants. We affirm the

trial court’s order dismissing Plaintiff’s complaint against Southeastern.

 REVERSED IN PART; AFFIRMED IN PART.

 Judge CALABRIA concurs.

 Judge BERGER concurring in part and dissenting in part.

 - 13 -
 No. COA16-1015 – Locklear v. Cummings, et al.

 BERGER, Judge, concurring in part and dissenting in part.

 Plaintiff failed to comply with Rule 4 of the North Carolina Rules of Civil

Procedure when she failed to serve her summons and complaint on Defendant

Southeastern Regional Medical Center (“Southeastern”) through a person authorized

by law. Therefore, I concur with the majority that the trial court did not err when it

granted Southeastern’s motion to dismiss pursuant to Rule 12(b)(5) for insufficiency

of service of process.

 However, Plaintiff pleaded a claim of medical malpractice by a healthcare

provider in her complaint, not a claim of ordinary negligence as asserted by the

majority. Because this was a medical malpractice claim, Plaintiff did not comply with

pleading requirements when she failed to allege that “all medical records pertaining

to the alleged negligence . . . have been reviewed” as required by Rule 9(j). Because

the amendment of a complaint for medical malpractice to correct a deficient Rule 9(j)

certification is improper and does not relate back to the date of filing the complaint,

the trial court did not err in denying Plaintiff’s motion to amend which was filed after

the statute of limitations had expired. In dismissing Plaintiff’s complaint, the trial

court did not err, as stated in the majority’s opinion, and I must respectfully dissent.

 On July 30, 2015, Plaintiff filed a complaint for damages and punitive damages

in Robeson County Superior Court alleging medical malpractice by Defendants in

that:
 LOCKLEAR V. CUMMINGS, ET AL.

 BERGER, J., Concurring in part and dissenting in part

(a) Defendant Cummings (“Dr. Cummings”), is a physician practicing in the
 fields of internal medicine, cardiology, and cardiovascular surgery, and he
 treated Plaintiff and had a responsibility to treat Plaintiff;

(b) Dr. Cummings “held himself out to possess the special skills and knowledge
 possessed by other physicians practicing in the specialized field of internal
 medicine, cardiology, and cardiovascular surgery[;] and held himself out to
 possess the special skills and knowledge possessed by other physicians
 practicing in the specialized field of internal medicine, cardiology, and
 cardiovascular surgery in his locality or other similar localities with the
 same training and experience.”

(c) On July 31, 2012, Dr. Cummings, with the assistance of nurses and staff of
 Southeastern Regional Medical Center (“Southeastern”), performed
 cardiovascular surgery on Plaintiff, and during the surgery, Plaintiff
 suffered injuries when she “was allowed to fall off the operating room table
 while Plaintiff was opened up and had surgical tools in her.”

(d) “[T]he medical care rendered to Plaintiff fell below the applicable standard
 of care.”

(e) Defendants were negligent in failing to comply with the standard of care
 set forth in Article 1B of the North Carolina General Statutes, entitled
 “Medical Malpractice Actions”, Section 90-21.12, “Standard of health care”;

(f) Dr. Cummings failed to use his “best professional judgment and skill while
 operating on the Plaintiff”; failed “to properly control Plaintiff’s body during
 the surgery”; failed “to properly monitor Plaintiff’s body during surgery”;
 was distracted; was not properly positioned during surgery; did not properly
 supervise or direct nurses and staff regarding proper positioning; and failed
 “to use good judgment, reasonable skill, and diligence in the treatment of
 Plaintiff[.]”

(g) The remaining Defendants were directly and vicariously liable for negligent
 employment and/or retention of health care professionals and their actions
 in this matter.

(h) Plaintiff further alleged that the professional medical care and treatment
 provided by Defendants was reviewed by an individual “reasonably
 expected to qualify” and that “Plaintiff will seek to have qualified by an

 2
 LOCKLEAR V. CUMMINGS, ET AL.

 BERGER, J., Concurring in part and dissenting in part

 expert witness . . . , and who is willing to testify that the medical care
 rendered to Plaintiff fell below the applicable standard of care.”

 Plaintiff’s complaint was a malpractice action, defined as either:

 a. A civil action for damages for personal injury or death
 arising out of the furnishing or failure to furnish
 professional services in the performance of medical,
 dental, or other health care by a health care provider.

 b. A civil action against a hospital, a nursing home licensed
 under Chapter 131E of the General Statutes, or an adult
 care home licensed under Chapter 131D of the General
 Statutes for damages for personal injury or death, when
 the civil action (i) alleges a breach of administrative or
 corporate duties to the patient, including, but not limited
 to, allegations of negligent credentialing or negligent
 monitoring and supervision and (ii) arises from the same
 facts or circumstances as a claim under sub-subdivision
 a. of this subdivision.

N.C. Gen. Stat. § 90-21.11(2)(a) and (b) (2015).

 Plaintiff, throughout her complaint, asserted that Dr. Cummings,

Southeastern, Duke University Health System, and Duke University Affiliated

Physicians, Inc. had provided professional medical services to Plaintiff. She further

alleged that Dr. Cummings, while “acting in the course and scope of his employment,”

utilized his professional skill and judgment in operating on Plaintiff, and in doing so,

failed to position himself to properly control and monitor Plaintiff’s body. Plaintiff

further asserted that Dr. Cummings failed to properly supervise other health care

professionals during the operation.

 3
 LOCKLEAR V. CUMMINGS, ET AL.

 BERGER, J., Concurring in part and dissenting in part

 Plaintiff’s complaint alleges that each Defendant violated the standard of care

set forth in N.C. Gen. Stat. § 90-21.12. Subparagraph (a) of that statute reads as

follows:

 Except as provided in subsection (b) of this section, in any
 medical malpractice action as defined in G.S. 90-
 21.11(2)(a), the defendant health care provider shall not be
 liable for the payment of damages unless the trier of fact
 finds by the greater weight of the evidence that the care of
 such health care provider was not in accordance with the
 standards of practice among members of the same health
 care profession with similar training and experience
 situated in the same or similar communities under the
 same or similar circumstances at the time of the alleged act
 giving rise to the cause of action; or in the case of a medical
 malpractice action as defined in G.S. 90-21.11(2)(b), the
 defendant health care provider shall not be liable for the
 payment of damages unless the trier of fact finds by the
 greater weight of the evidence that the action or inaction of
 such health care provider was not in accordance with the
 standards of practice among similar health care providers
 situated in the same or similar communities under the
 same or similar circumstances at the time of the alleged act
 giving rise to the cause of action.

N.C. Gen. Stat. § 90-21.12(a) (emphasis added).

 Plaintiff’s brief acknowledges that her complaint was one for medical

malpractice. In her Statement of the Case, Plaintiff states, “Marjorie Locklear

(“Plaintiff” or “Locklear”) commenced this medical malpractice action on 30 July

2015.” (emphasis added). Plaintiff’s brief also focuses on Rule 9(j) certification, which

is only applicable to medical malpractice claims.

 4
 LOCKLEAR V. CUMMINGS, ET AL.

 BERGER, J., Concurring in part and dissenting in part

 Plaintiff does not argue that this is an action for ordinary negligence as the

majority has found; thus, this argument should be deemed abandoned. “ ‘It is not the

duty of this Court to supplement an appellant's brief with legal authority or

arguments not contained therein. These arguments are deemed abandoned by virtue

of [Rule 28(b)(6) of the North Carolina Appellate Procedures].’ " Sanchez v.

Cobblestone Homeowners Ass’n of Clayton, Inc., ___ N.C. App. ___, ___, 791 S.E.2d

238, 245 (2016) (citation and brackets omitted).

 The majority cites to the unpublished opinion Alston, wherein this Court held

the decedent’s injuries from falling off a gurney in an operating room sounded in

ordinary negligence and not medical malpractice. Alston v. Granville Health Sys.,

207 N.C. App. 264, 699 S.E.2d 478 (2010), aff’d, 221 N.C. App. 416, 727 S.E.2d 877

(2012) (unpublished). This Court held the “[p]laintiff’s sole cause of action [wa]s for

ordinary negligence under a theory of res ipsa loquitur,” and did not require

compliance with Rule 9(j). Id. Further, “[b]ecause [p]laintiff herein elected to proceed

solely on a res ipsa loquitur theory, [p]laintiff is bound by that theory.” Id.

 The transfer of a patient from the operating table to a gurney before or after

surgery, as in Alston, is “primarily manual or physical and … d[oes] not involve a

medical assessment or clinical judgment.” Gause v. New Hanover Regional Medical

Center, ___ N.C. App. ___, ___, 795 S.E.2d 411, 415 (2016).

 5
 LOCKLEAR V. CUMMINGS, ET AL.

 BERGER, J., Concurring in part and dissenting in part

 Conversely, in the case sub judice, Plaintiff alleged her injuries occurred from

falling off of the operating table during the surgery. The positioning and controlling

of Plaintiff’s body while on the operating table, during active surgery, while Plaintiff’s

opened body contained surgical tools, required “clinical judgment and intellectual

skill.” Id. Thus, because Plaintiff’s factual allegations sound in medical malpractice,

and her complaint specifically alleges medical malpractice, Plaintiff is required to

comply with Rule 9(j).

 Further, converting Plaintiff’s action into one for ordinary negligence would

allow her to circumvent the requirement of expert certification for her medical

malpractice complaint. The majority’s finding that this is an action for ordinary

negligence creates a loophole for Plaintiff after she improperly filed her medical

malpractice claim. Plaintiff’s witnesses for an ordinary negligence claim will still be

testifying as to the proper positioning and monitoring of a body during cardiovascular

surgery, and the witnesses who will be qualified to testify are the same doctors and

nurses who would testify to the proper procedures during a cardiovascular surgery

under a medical malpractice lawsuit. The majority’s conversion of Plaintiff’s medical

malpractice action into an ordinary negligence action defeats the legislative intent of

Rule 9(j).

 Turning to Plaintiff’s arguments under Rule 9(j), they fail. In pertinent part,

Rule 9(j) states that:

 6
 LOCKLEAR V. CUMMINGS, ET AL.

 BERGER, J., Concurring in part and dissenting in part

 Any complaint alleging medical malpractice by a health
 care provider pursuant to G.S. 90-21.11(2)a. in failing to
 comply with the applicable standard of care under G.S. 90-
 21.12 shall be dismissed unless:

 (1) The pleading specifically asserts that the medical care
 and all medical records pertaining to the alleged
 negligence that are available to the plaintiff after
 reasonable inquiry have been reviewed by a person who is
 reasonably expected to qualify as an expert witness
 under Rule 702 of the Rules of Evidence and who is
 willing to testify that the medical care did not comply
 with the applicable standard of care;

 (2) The pleading specifically asserts that the medical care
 and all medical records pertaining to the alleged
 negligence that are available to the plaintiff after
 reasonable inquiry have been reviewed by a person that
 the complainant will seek to have qualified as an expert
 witness by motion under Rule 702(e) of the Rules of
 Evidence and who is willing to testify that the medical
 care did not comply with the applicable standard of care,
 and the motion is filed with the complaint; or

 ...

 Upon motion by the complainant prior to the expiration of
 the applicable statute of limitations, a resident judge of the
 superior court . . . may allow a motion to extend the statute
 of limitations for a period not to exceed 120 days to file a
 complaint in a medical malpractice action in order to
 comply with this Rule, upon a determination that good
 cause exists for the granting of the motion and that the
 ends of justice would be served by an extension.

N.C. Gen. Stat. § 1A-1, Rule 9(j) (2015).

 Thus, dismissal of a medical malpractice action is required unless the pleading

requirements of Rule 9(j) are satisfied. Our Supreme Court held that:

 7
 LOCKLEAR V. CUMMINGS, ET AL.

 BERGER, J., Concurring in part and dissenting in part

 Rule 9(j) clearly provides that "any complaint alleging
 medical malpractice . . . shall be dismissed" if it does not
 comply with the certification mandate . . . [W]e find the
 inclusion of "shall be dismissed" in Rule 9(j) to be more than
 simply "a choice of grammatical construction." While other
 subsections of Rule 9 contain requirements for pleading
 special matters, no other subsection contains the
 mandatory language "shall be dismissed." This indicates
 that medical malpractice complaints have a distinct
 requirement of expert certification with which plaintiffs
 must comply. Such complaints will receive strict
 consideration by the trial judge. Failure to include the
 certification necessarily leads to dismissal.

Thigpen v. Ngo, 355 N.C. 198, 202, 558 S.E.2d 162, 165 (2002) (emphasis in original)

(internal citations and brackets omitted). Here, Plaintiff provided proper certification

regarding medical care and treatment, but failed to comply with Rule 9(j) as there

was no allegation concerning review of medical records.

 On January 11, 2016, Plaintiff in open court moved to amend the complaint

pursuant to Rule 15(a) to comply with Rule 9(j). The trial court correctly denied this

motion as it was made nearly six months after the statute of limitations had expired.

 This Court previously held that “Rule 9(j) must be satisfied at the time of the

complaint's filing.” Alston v. Hueske, ___ N.C. App. ___, ___, 781 S.E.2d 305, 309

(2016). In Hueske, as here, the plaintiff sought to amend her complaint to comply

with the certification requirements of Rule 9(j). This Court noted that

 [b]ecause the legislature has required strict compliance
 with this rule, our courts have ruled that if a pleader fails
 to properly plead his case in his complaint, it is subject to
 dismissal without the opportunity for the plaintiff to

 8
 LOCKLEAR V. CUMMINGS, ET AL.

 BERGER, J., Concurring in part and dissenting in part

 amend his complaint under Rule 15(a). To read Rule 15 in
 this manner would defeat the objective of Rule 9(j)
 which . . . seeks to avoid the filing of frivolous medical
 malpractice claims.

Id., at ___, 781 S.E.2d at 310 (emphasis in original) (internal citations and quotation

marks omitted).

 The title of Rule 9, ‘Pleading special matters,’ plainly
 signals the statute’s tailoring to address distinct situations
 set out in the statute. [R]elation back is not available
 through Rule 15(c) of the North Carolina Rules of Civil
 Procedure to comply with Rule 9(j) . . . . Rule 9(j) mandates
 that any complaint which fails to comply with the
 certification requirement, “shall be dismissed.” . . . [A] trial
 judge can dismiss with prejudice where a complaint does
 not contain the certification required by Rule 9(j) and the
 statute of limitations has expired.

Bass v. Durham Cty. Hosp. Corp., 158 N.C. App. 217, 225, 580 S.E.2d 738, 743 (2003)

(Tyson, J., dissenting) (internal citations and quotation marks omitted) (emphasis in

original), rev'd for the reasons stated in the dissenting opinion, 358 N.C. 144, 592

S.E.2d 687 (2004). See also Thigpen v. Ngo, 355 N.C. 198, 205, 558 S.E.2d 162, 167

(2002) (“[W]e hold that once a party receives and exhausts the 120-day extension of

time in order to comply with Rule 9(j)’s expert certification requirement, the party

cannot amend a medical malpractice complaint to include expert certification.”);

Fintchre v. Duke University, ___ N.C. App. ___, ___, 773 S.E.2d 318, 325 (2015)

(“[W]here plaintiff failed to file a complaint including a valid Rule 9(j) certification

within the statute of limitations, granting plaintiff's motion to amend . . . would have

been futile . . . .”).

 9
 LOCKLEAR V. CUMMINGS, ET AL.

 BERGER, J., Concurring in part and dissenting in part

 Such is the case here. Plaintiff alleged that her care and treatment occurred

July 31, 2012, and she filed her action July 30, 2015, one day before the statute of

limitations would expire. Plaintiff’s medical malpractice complaint failed to include

a required Rule 9(j) certification regarding review of medical records.

 Plaintiff failed to seek amendment of her complaint until January 11, 2016,

nearly six months after the statute of limitations had expired, and 44 days beyond

“[t]he 120-day extension of the statute of limitations available to medical malpractice

plaintiffs by Rule 9(j) . . . for the purpose of complying with Rule 9(j).” Bass at 225,

580 S.E.2d at 743 (citing N.C. Gen. Stat. § 1A-1, Rule 9(j) (2001)). Allowing an

amendment would have been futile, so it cannot be said that the trial court abused

its discretion in denying that motion. Plaintiff failed to plead proper Rule 9(j)

certification in her complaint before the statute of limitations expiration. If any

complaint alleging medical malpractice shall be dismissed for failure to comply with

the certification mandate of Rule 9(j), it cannot be said that the trial court erred in

granting Defendants’ motion to dismiss.

 10