HUNTER, JR., Robert N., Judge.
*458 Marjorie C. Locklear ("Plaintiff") appeals from an order dismissing her complaint against Defendants Dr. Matthew Cummings, Duke University Health System, and Duke University Affiliated Physicians (collectively "Duke Defendants") under Rule 9(j), as well as the denial of her motion to amend under Rule 15(a). Plaintiff also appeals from an order dismissing her complaint against Defendant Southeastern Regional Medical Center ("Southeastern") under Rules 9(j) and 12(b)(5), as well as the denial of her motion to amend under Rule 15(a). After review, we reverse in part and affirm in part.
I. Factual and Procedural Background
On 30 July 2015, one day before the statute of limitations expired, Plaintiff filed a complaint against Defendants, seeking monetary damages for medical negligence. The complaint alleges the following narrative.
On 31 July 2012, Dr. Cummings performed cardiovascular surgery on Plaintiff. During surgery, Dr. Cummings failed to monitor and control Plaintiff's body and was distracted. Additionally, he did not position himself in close proximity to Plaintiff's body. While Plaintiff "was opened up and had surgical tools in her[,]" Plaintiff fell off of the surgical table. Plaintiff's head and the front of her body hit the floor. As a result of the fall, Plaintiff suffered a concussion, developed double vision, injured her jaw, displayed bruises, and was "battered" down the left side of her body. Plaintiff also had "repeated" nightmares about falling off the surgical *348 table. Duke Defendants and Defendant Southeastern acted negligently by retaining physicians, nurses, and other healthcare providers who allowed Plaintiff's accident to occur.
On 9 September 2015, private process server, Richard Layton, served Duke Defendants by delivering Plaintiff's civil cover sheet, summons, and complaint to Margaret Hoover, a registered agent for Duke Defendants. On 19 September 2015, Gary Smith, Jr. served Plaintiff's summons and complaint on Dr. Cummings. Lastly, on 24 September 2015, Smith served Plaintiff's summons and complaint on Southeastern by delivering the papers to C. Thomas Johnson, IV, Southeastern's Chief Financial Officer.[1]
*459 On 10 November 2015, Dr. Cummings and Duke Defendants filed a joint answer and motion to dismiss. Dr. Cummings and Duke Defendants denied the allegations in Plaintiff's complaint and asserted defenses under Rules 12(b)(6) and 9(j) of the North Carolina Rules of Civil Procedure.
On 23 November 2015, Southeastern filed an answer and denied Plaintiff's allegations. Southeastern moved to dismiss Plaintiff's compliant under Rules 12(b)(4), 12(b)(5), 12(b)(6), and 9(j) of the North Carolina Rules of Civil Procedure. On 29 December 2015, Johnson filed an affidavit. In the affidavit, Johnson swore he was the Chief Financial Officer of Southeastern, but not the corporation's registered agent.
On 11 January 2016, the trial court held a hearing on all the Defendants' pending motions. During argument, Plaintiff requested "leave of the Court to amend [the] complaint so that there's no controversy hereafter." Plaintiff moved under Rule 60, not Rule 15(a), because "Rule 60 ... allows a mere clerical order-error to be corrected." Then, Plaintiff requested leave "pursuant to Rules 15(a) and 60."
On 2 February 2016, the trial court granted Dr. Cummings's and Duke Defendants' motion to dismiss pursuant to Rule 9(j) and denied Plaintiff's motion to amend under Rule 15(a). On 4 February 2016, the trial court granted Southeastern's motion to dismiss pursuant to Rules 9(j) and 12(b)(5) and denied Plaintiff's motion to amend under Rule 15(a). Plaintiff filed timely notice of appeal.
II. Standard of Review
The standard of review of a Rule 12(b)(6) motion to dismiss is de novo . Leary v. N.C. Forest Prods., Inc., 157 N.C.App. 396, 400, 580 S.E.2d 1, 4 (2003). Likewise, a trial court's order dismissing a complaint pursuant to Rule 9(j) is reviewed de novo on appeal because it is a question of law. Barringer v. Wake Forest Univ. Baptist Med. Ctr. , 197 N.C.App. 238, 256, 677 S.E.2d 465, 477 (2009) (citation omitted).
We review the trial court's dismissal under Rule 12(b)(5) de novo . New Hanover Cty. Child Support Enforcement ex rel. Beatty v. Greenfield , 219 N.C.App. 531, 533, 723 S.E.2d 790, 792 (2012) (citation omitted).
III. Analysis
A. Motions to Dismiss under Rule 12(b)(6) and Rule 9(j)
Plaintiff argues the trial court erred in dismissing her complaint against all the Defendants under Rule 12(b)(6) and Rule 9(j). Because *460 Plaintiff's claims sound in ordinary negligence, not medical malpractice, we agree.
"In North Carolina, the distinction between a claim of medical malpractice and ordinary negligence is significant for several reasons, including that medical malpractice actions cannot be brought [without Rule 9(j) compliance]." Gause v. New Hanover Reg'l Med. Ctr. , --- N.C.App. ----, ----, 795 S.E.2d 411, 415 (2016) (citing N.C. Gen. Stat. § 1A-1, Rule 9(j) (2015) ).
"Whether an action is treated as a medical malpractice action or as a common law negligence action is determined by our statutes[.]" Smith v. Serro , 185 N.C.App. 524, 529, 648 S.E.2d 566, 569 (2007). N.C. Gen. Stat. § 90-21.11(2)(a) defines a medical malpractice action as "[a] civil action for damages for personal injury or death arising out of the furnishing or failure to furnish professional *349 services in the performance of ... health care by a health care provider." N.C. Gen. Stat. § 90-21.11(2)(a). "The term 'professional services' is not defined by our statutes but has been defined by the Court as 'an act or service arising out of a vocation, calling, occupation, or employment involving specialized knowledge, labor, or skill, and the labor or skill involved is predominantly mental or intellectual, rather than physical or manual.' " Gause , --- N.C.App. at ----, 795 S.E.2d at 415 (quoting Sturgill v. Ashe Mem'l Hosp., Inc. , 186 N.C.App. 624, 628, 652 S.E.2d 302, 305 (2007) ). "Our courts have classified as medical malpractice those claims alleging injury resulting from activity that required clinical judgment and intellectual skill." Id. at ----, 795 S.E.2d at 415 (citation omitted). "Our courts have classified as ordinary negligence those claims alleging injury caused by acts and omissions in a medical setting that were primarily manual or physical and which did not involve a medical assessment or clinical judgment." Id. at ----, 795 S.E.2d at 415 (citation omitted).
In cases of a plaintiff falling, the deciding factor is whether the decisions leading up to the fall required clinical judgment and intellectual skill. Where the complaint alleges or discovery shows the fall occurred because medical personnel failed to properly use restraints, the claim sounded in medical malpractice. Sturgill , 186 N.C.App. at 628-30, 652 S.E.2d 302 ; Alston v. Granville Health Sys. , 221 N.C.App. 416, 421, 727 S.E.2d 877, 881 (2012) (" Alston II "). However, when a complaint alleged the plaintiff fell of a gurney in an operating room while unconscious, this Court held the claim sounded in ordinary negligence, not medical malpractice.
*461 Alston v. Granville Health Sys. , No. 09-1540, 207 N.C.App. 264, 2010 WL 3633738 (unpublished) (Sept. 21, 2010) (" Alston I ").[2] The question is whether the actions leading to the fall require specialized skill or clinical judgment. Gause , --- N.C.App. at ----, 795 S.E.2d at 415 (citations omitted).
In her complaint, Plaintiff states, inter alia :
23. That, at all times relevant to this action, Defendant Cummings ... held himself out to possess the special skills and knowledge possessed by other physicians practicing in the specialized field of internal medicine, cardiology, and cardiovascular surgery.
24. That the medical care and treatment rendered to Plaintiff by Defendant Cummings on July 31, 2012 has been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the North Carolina Rules of Evidence, and who is willing to testify that the medical care rendered to Plaintiff fell below the applicable standard of care.
25. That the medical care and treatment of Defendant Cummings has been reviewed by a person that Plaintiff will seek to have qualified by an expert witness under Rule 702 of the North Carolina Rules of Evidence, and who is willing to testify that the medical care rendered to Plaintiff fell below the applicable standard of care.
...
27. That the times, places, and on the occasion herein in question, Defendant Cummings was negligent, and his acts and omissions of negligence include, but are not limited to:
a) In failing to use his best professional judgment and skill while operating on the Plaintiff;
*462 b) In failing to properly control Plaintiff's body during the surgery;
c) In failing to properly monitor Plaintiff's body during surgery;
d) In allowing himself to be distracted;
e) In not positioning himself in close proximity to Plaintiff's body;
*350 f) In not properly supervising and directing the proximity of nurses and other staff in relation to Plaintiff;
g) In allowing Plaintiff to fall off the operating table;
h) In failing to use good judgment, reasonable skill, and diligence in the treatment of Plaintiff; and
i) Defendant Cummings was otherwise careless and negligent.
Plaintiff's complaint sounds in ordinary negligence, not medical malpractice. Although Plaintiff uses language which would seemingly trigger a medical malpractice claim, we conclude the facts in Plaintiff's complaint give rise to a claim of ordinary negligence. Plaintiff's factual allegation, namely "Plaintiff was allowed to fall off the operating table while Plaintiff was opened up and had surgical tools in her[,]" forecasts the type of injury resulting from actions not requiring specialized skill or clinical judgment. Gause , --- N.C.App. at ----, 795 S.E.2d at 413 (citations omitted).
Dr. Cummings and Duke Defendants contend Plaintiff failed to argue her action is not medical malpractice, and, thus, Plaintiff is barred from raising this issue on appeal. Defendants further contend we cannot address this issue on appeal, as it would constitute this Court improperly supplementing an appellant's brief. However, in our de novo review, we cannot review whether the trial court erred in dismissing Plaintiff's complaint under Rule 9(j) without addressing whether Rule 9(j) certification is required.
Notwithstanding Defendants' arguments, we hold this action sounds in ordinary negligence. Therefore, Plaintiff was not required to comply with Rule 9(j). Accordingly, the trial court erred in dismissing Plaintiff's complaint under Rules 12(b)(6) and 9(j).[3]
*463 The concurring and dissenting opinion asserts our majority supplements Plaintiff's arguments on appeal and improperly concludes Plaintiff's claims sound in ordinary negligence. In support of this contention, the concurring and dissenting opinion cites to the legislative intent of Rule 9(j).
At the outset, as stated above, our majority does not improperly supplement Plaintiff's appeal because, in our de novo review, we must decide whether Rule 9(j) certification is required before we can affirm a trial court's dismissal of a complaint for lack of Rule 9(j) compliance.
Next, we note a court's "consideration of a motion brought under Rule 12(b)(6) is limited to examining the legal sufficiency of the allegations contained within the four corners of the complaint." Hillsboro Partners, LLC v. City of Fayetteville , 226 N.C.App. 30, 32-33, 738 S.E.2d 819, 822 (2013) (citation omitted). See also Jackson/Hill Aviation, Inc. v. Town of Ocean Isle Beach , --- N.C.App. ----, ----, 796 S.E.2d 120, 123 (2017) (citation omitted). Additionally, "[d]ismissal of an action under Rule 12(b)(6) is appropriate when the complaint 'fail[s] to state a claim upon which relief can be granted.' " Arnesen v. Rivers Edge Golf Club & Plantation, Inc. , 368 N.C. 440, 448, 781 S.E.2d 1, 7 (2015) (quoting N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) (2013) ) (second alteration in original). "When the complaint on its face reveals that no law supports the claim [or] reveals an absence of facts sufficient to make a valid claim ... dismissal is proper." Id. at ----, 781 S.E.2d at 8 (citation omitted) (emphasis added). Accordingly, there is no need to delve into the legislative intent behind Rule 9(j). Instead, we look at the four corners of Plaintiff's complaint and acknowledge that Plaintiff revealed facts sufficient to make a valid claim, a claim of ordinary negligence, under our case law. See id. at ----, 781 S.E.2d at 8 (citation omitted).
B. Motion to Dismiss under Rule 12(b)(5)
Plaintiff next contends the trial court erred in dismissing her claims against Southeastern under Rule 12(b)(5). We disagree.
*351 Rule 4 of the North Carolina Rules of Civil Procedure governs service of process in North Carolina. Rule 4 states, inter alia :
(a) Summons-Issuance; who may serve.-Upon the filing of the complaint, summons shall be issued forthwith, and in any event within five days. The complaint and summons shall be delivered to some proper person for service. In this State, such proper person shall be the sheriff of the county where service is to be made or some other person duly authorized by law to serve summons.
*464 ...
(h) Summons-When proper officer not available.-If at any time there is not in a county a proper officer, capable of executing process, to whom summons or other process can be delivered for service, or if a proper officer refuses or neglects to execute such process, or if such officer is a party to or otherwise interested in the action or proceeding, the clerk of the issuing court, upon the facts being verified before him by written affidavit of the plaintiff or his agent or attorney, shall appoint some suitable person who, after he accepts such process for service, shall execute such process in the same manner, with like effect, and subject to the same liabilities, as if such person were a proper officer regularly serving process in that county.
(h1) Summons-When process returned unexecuted.-If a proper officer returns a summons or other process unexecuted, the plaintiff or his agent or attorney may cause service to be made by anyone who is not less than 21 years of age, who is not a party to the action, and who is not related by blood or marriage to a party to the action or to a person upon whom service is to be made. This subsection shall not apply to executions pursuant to Article 28 of Chapter 1 or summary ejectment pursuant to Article 3 of Chapter 42 of the General Statutes.
N.C. Gen. Stat. § 1A-1, Rule 4 (2016).
Plaintiff argues service by a private process server is permissible under the North Carolina Rules of Civil Procedure if the private process server files an affidavit under N.C. Gen. Stat. § 1-75.10.[4]
Southeastern contends holding Plaintiff's service was proper conflates Rule 4(a) with Rule 4(h) and Rule 4(h1). We agree.
Here, Plaintiff hired a private process server, Smith, to serve Southeastern. On 24 September 2015, Smith served Johnson, the Chief Financial Officer of Southeastern. On 14 October 2015, Smith signed an "Affidavit of Process Server" asserting he was over the age of 18 years, not a party to the action, and "authorized by law to perform said service."
*465 In North Carolina, private process service is not always "authorized under law". The proper person for service in North Carolina is the sheriff of the county where service is to be attempted or some other person duly authorized by law to serve summons. N.C. Gen. Stat. § 1A-1, Rule 4(a). Although Plaintiff's process server filed the statutorily required affidavit, a self-serving affidavit alone does not confer "duly authorized by law" status on the affiant. Legal ability to serve process by private process server is limited by statute in North Carolina to scenarios where the sheriff is unable to fulfill the duties of a process server. N.C. Gen. Stat. § 1A-1, Rule 4(h), (h1). For example, if the office of the sheriff is vacant, the county's coroner may execute service. N.C. Gen. Stat. § 162-5. Additionally, if service is unexecuted by the sheriff under Rule 4(a), the clerk of the issuing court can appoint "some suitable person" to execute service under Rule 4(h). Here, the record does not disclose the sheriff was unable to deliver service so that the services of a process server would be needed. This is commonly accepted statutory practice in North Carolina and discussed in treatises dealing with civil procedure. See William A. Shuford, North Carolina Civil Practice and Procedure § 4.2 (6th ed.); 1 G. Gray Wilson, North Carolina Civil Procedure § 4-4, at 4-16 (2016). Accordingly, we affirm the trial court's order dismissing Plaintiff's claims *352 against Southeastern under Rule 12(b)(5) of the North Carolina Rules of Civil Procedure.
IV. Conclusion
For the foregoing reasons, we reverse the trial court's order dismissing Plaintiff's complaint against Dr. Cummings and Duke Defendants. We affirm the trial court's order dismissing Plaintiff's complaint against Southeastern.
REVERSED IN PART; AFFIRMED IN PART.
Judge CALABRIA concurs.

In Smith's affidavit, he listed Johnson as Southeastern's registered agent.

In Alston I , this Court reversed the trial court's dismissal of plaintiff's complaint and held Rule 9(j) certification was not required, because plaintiff's claims sounded in ordinary negligence. Following discovery and a motion for summary judgment, the trial court granted summary judgment for defendants and dismissed the plaintiff's action again. This Court upheld the subsequent dismissal, as discovery showed "the decision to restrain a patient under anesthesia is one that requires use of specialized skill and knowledge and, therefore, is considered a professional service." Alston II , 221 N.C.App. at 421, 727 S.E.2d at 881.

Because we reverse the trial court's order on Rule 12(b)(6) and Rule 9(j) grounds, we need not address whether the trial court erred in denying Plaintiff's motion to amend her complaint under Rule 15 of the North Carolina Rules of Civil Procedure.

In support of her argument, Plaintiff also cites Garrett v. Burris , No. COA14-1257, 242 N.C.App. 251, 2015 WL 4081832 (unpublished) (N.C. Ct. App. July 7, 2015). However, Garrett is an unpublished opinion and is not binding authority.