MASTIN v. GRIFFITH

[133 N.C. App. 345 (1999)]

Reversed.

Judges WALKER and SMITH concur.

—————

U. BRENT MASTIN, Guardian ad Litem for minor child, DEREK BRENT MASTIN, Plaintiff v. JACKSON GRIFFITH AND WIFE, KATHY GRIFFITH, Defendants

———

BRENT MASTIN AND DEBBIE MASTIN, Plaintiffs v. JACKSON GRIFFITH AND WIFE, KATHY GRIFFITH, Defendants

No. COA98-432

(Filed 18 May 1999)

## Appeal and Error— jurisdiction of appellate court—directed verdict not signed or filed

An appeal to the Court of Appeals was dismissed where the record contained a draft of the directed verdict order from which plaintiffs appealed, but the order was never signed by the trial judge or filed with the clerk. Entry of judgment by the trial court is the event which vests jurisdiction in the Court of Appeals, and entry occurs when a judgment is reduced to writing, signed by the judge, and filed with the clerk of court. Announcement of the judgment in open court merely constitutes rendering of judgment, not entry.

Appeal by plaintiffs from order rendered 2 September 1997 by Judge Ronald E. Bogle in Wilkes County Superior Court. Heard in the Court of Appeals 17 February 1999.

*Vannoy, Colvard, Triplett, McLean & Vannoy, by Jay Vannoy and Howard C. Colvard, Jr., for plaintiffs-appellants.*

*Willardson, Lipscomb & Beal, LLP, by John S. Willardson, for defendants-appellees.*

TIMMONS-GOODSON, Judge.

U. Brent Mastin instituted an action on behalf of his minor son, Brent, against Jackson and Kathy Griffith (defendants) for personal injuries allegedly caused by defendants' negligence. In addition, Mr. Mastin and his wife, Debbie Mastin, (plaintiffs) filed a complaint

MASTIN v. GRIFFITH

[133 N.C. App. 345 (1999)]

against defendants to recover medical expenses incurred as a result. of their son's injuries. The cases were consolidated for trial and came on for hearing at the 1 September 1997 civil session of Wilkes County Superior Court. At the close of plaintiffs' evidence, defendants moved for a directed verdict. The trial court granted the motion, and plaintiffs appeal.

Initially, we must examine whether we have jurisdiction to entertain the present appeal. Because the record indicates that the order allowing defendants' motion for directed verdict has not been entered, this Court lacks jurisdiction and the appeal must be dismissed.

Under Rule 58 of the North Carolina Rules of Civil Procedure, "a judgment is entered when it is reduced to writing, signed by the judge, and filed with the clerk of court." N.C. Gen. Stat. § 1A-1, Rule 58 (Cum. Supp. 1997). "Announcement of judgment in open court merely constitutes 'rendering' of judgment, not entry of judgment." *Abels v. Renfro Corp.*, 126 N.C. App. 800, 803, 486 S.E.2d 735, 737, *disc. review denied*, 347 N.C. 263, 493 S.E.2d 450 (1997). "Entry of judgment by the trial court is the event which vests jurisdiction in this Court." *In re Estate of Walker*, 113 N.C. App. 419, 420, 438 S.E.2d 426, 427 (1994). Thus, an order may not properly be appealed until it is entered. *Id.*

The record in the instant case contains a draft of the order allowing defendants' motion for directed verdict, but the order was never signed by the trial judge or filed with the clerk. Therefore, entry has not occurred, and we are without jurisdiction to consider the merits of this appeal. Accordingly, plaintiffs' appeal is

DISMISSED.

Judges MARTIN and HUNTER concur.