McCULLOUGH, Judge.
Charles Burris ("defendant") appeals the denial of his motion to dismiss for lack of proper service following entry of a judgment in favor of Hulya Garrett ("plaintiff"). For the following reasons, we affirm.
I. Background
Plaintiff commenced this action concerning a piece of real property against defendant by filing a verified complaint in Mecklenburg County Superior Court on 22 July 2013. At the time the complaint was filed, a civil summons was issued.
On 25 July 2013, an affidavit of service was filed indicating John Corcoran personally served defendant at approximately 6 p.m. on 23 July 2013 by hand delivering copies of the complaint and summons to defendant at 18625 Vineyard Point, Cornelius, N.C. A week later on 2 August 2013, a second affidavit of service, almost identical to the first, was filed adding that "[Corcoran] left said [c]omplaint and [s]ummons with some person of suitable age" at defendant's last known address, 18625 Vineyard Point, Cornelius, N.C. In each affidavit, Corcoran swore he was "duly authorized pursuant to the laws of the State of North Carolina to serve a[s]ummons and [c]omplaint on a party litigant."
Defendant responded by filing motions, answer, and counterclaim on 18 September 2013. Among various Rule 12(b) motions asserted in the response, defendant moved to dismiss the complaint for insufficient service of process and, therefore, lack of personal jurisdiction.
Following an unsuccessful attempt to resolve the case through mediation and the trial court's grant of plaintiff's motion for a continuance, this case was called for a bench trial in Mecklenburg County Superior Court on 3 June 2014, the Honorable William Constangy, Judge presiding. Both parties assert the trial court denied defendant's motion to dismiss for insufficient service of process.
On 15 August 2014, judgment was filed in favor of plaintiff on plaintiff's constructive trust claim; plaintiff's other claims and defendant's counterclaims were denied. Defendant timely filed notice of appeal on 12 September 2014.
II. Discussion
In the sole issue raised by defendant on appeal, defendant contends the trial court erred in denying his motion to dismiss for insufficient service of process.
Yet, we first address plaintiff's contention that this Court lacks jurisdiction to consider defendant's appeal because the trial court's ruling on defendant's motion was not reduced to a written judgment entered in accordance with Rule 58 of the N.C. Rules of Civil Procedure. In support of her contention, plaintiff cites Mastin v. Griffin,133 N.C.App. 345, 515 S.E.2d 494 (1999). In Mastin,the trial court granted the defendants' motion for a directed verdict at the close of the plaintiffs' evidence and the plaintiffs appealed. Id.at 346, 515 S.E.2d at 494. This Court, however, dismissed the plaintiffs' appeal for lack of jurisdiction explaining as follows:
The record in the instant case contains a draft of the order allowing [the] defendants' motion for [a] directed verdict, but the order was never signed by the trial judge or filed with the clerk. Therefore, entry ha[d] not occurred and we [were] without jurisdiction to consider the merits of [the] appeal.
Id.at 346, 515 S.E.2d at 495.
Although plaintiff acknowledges the trial court entered a final judgment in her favor in accordance with Rule 58 in the present case and defendant has appealed from that judgment, plaintiff argues defendant's appeal must be dismissed because the trial court did not enter a judgment reflecting its denial of defendants' motion to dismiss. We find plaintiff's reliance on Mastinmisplaced and her argument meritless. First, denial of a motion to dismiss and entry of a final judgment from which an appeal may be taken, at issue in Mastin,are not the same. In this case, the trial court entered judgment in accordance with Rule 58 and defendant properly appealed the denial of his motion to dismiss from entry of that judgment. Second, in entering the final judgment in this case, the trial court concluded it had jurisdiction over the parties in conclusion of law number one. Thus, the trial court necessarily determined there was sufficient service of process. Besides, both plaintiff and defendant acknowledge the trial court denied defendant's motion. We hold review in this case is proper and proceed to the merits of defendant's argument.
On appeal, defendant does not deny service, but argues service was improper under Rule 4 of the North Carolina Rules of Civil Procedure and, therefore, the trial court never obtained jurisdiction over him. "We review de novoquestions of law implicated by the denial of a motion to dismiss for insufficiency of service of process." New Hanover Cnty. Child Support Enforcement ex rel. Beatty v. Greenfield,219 N.C.App. 531, 533, 723 S.E.2d 790, 792 (2012).
"It is well established that a court may obtain personal jurisdiction over a defendant only by the issuance of summons and service of process by one of the statutorily specified methods." Glover v. Farmer,127 N.C.App. 488, 490, 490 S.E.2d 576, 577 (1997), disc. review denied,347 N.C. 575, 502 S.E.2d 590 (1998). "While a defective service of process may give the defending party sufficient and actual notice of the proceedings, such actual notice does not give the court jurisdiction over the party." Thomas & Howard Co., Inc. v. Trimark Catastrophe Servs., Inc.,151 N.C.App. 88, 91, 564 S.E.2d 569, 572 (2002) (quotation marks and citation omitted). "Absent valid service of process, a court does not acquire personal jurisdiction over the defendant and the action must be dismissed." Glover,127 N.C.App. at 490, 490 S .E.2d at 577.
Rule 4 of the North Carolina Rules of Civil Procedure governs service of process in North Carolina. Pertinent to this case, it provides "[t]he complaint and summons shall be delivered to some proper person for service. In this State, such proper person shall be the sheriff of the county where service is to be made or some other person duly authorized by law to serve summons." N.C. Gen.Stat. § 1A-1, Rule 4(a) (2013). Service on a natural person may be accomplished in a number of ways, including "[b]y delivering a copy of the summons and of the complaint to the natural person or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein." N.C. Gen.Stat. § 1A-1, Rule 4(j)(1)(a). Additionally,
[i]f a proper officer returns a summons or other process unexecuted, the plaintiff or his agent or attorney may cause service to be made by anyone who is not less than 21 years of age, who is not a party to the action, and who is not related by blood or marriage to a party to the action or to a person upon whom service is to be made.
N.C. Gen.Stat. § 1A-1, Rule 4(h1).
Interpreting the above provisions, defendant argues personal service in accordance with Rule 4(j)(1) must be attempted by the sheriff before service is made pursuant to Rule 4(h1) because "[t]he essential requirement of Rule 4(h1) is that there must be a return of process which is unexecutedby any of the approved methods set out in Rule 4(j)." Defendant then contends service by Corcoran in this case was service pursuant to Rule 4(h1) and was improper because there was no prior attempt at service by the sheriff pursuant to Rule 4(j)(1).
Upon review of Rule 4, we agree that subsection (h1) provides a method for service only after "a proper officer returns a summons or other process unexecuted[.]" N.C. Gen.Stat. § 1A-1, Rule 4(h1). Thus, before service pursuant to Rule 4(h1) is proper, there must be an attempt at service pursuant to Rule 4(j) by "the sheriff of the county where service is to be made or some other person duly authorized by law to serve summons." N.C. Gen.Stat. § 1A-1, Rule 4(a).
We disagree, however, that service by Corcoran in the present case was service pursuant to Rule 4(h1) and improper. In addition to the sheriff, Rule 4(a) provides that service may be accomplished by "some other person duly authorized by law to serve summons." Id.Where a defendant appears in an action and challenges service, proof of personal service or substituted personal service by a person other than the sheriff shall be by affidavit. N.C. Gen.Stat. § 1-75.10(a)(1)(b) (2013). "The filing of an affidavit of service that complies with the requirements set out in [N.C. Gen.Stat. § ] 1-75.10 ... creates a rebuttable presumption of valid service." Kahihu v. Brunson,--- N.C.App. ----, ----, 758 S.E.2d 648, 652 (2014).
In this case, affidavits of service submitted to the trial court indicated Corcoran was "duly authorized pursuant to the laws of the State of North Carolina to serve a[s]ummons and [c]omplaint on a party litigant." Thus, it appeared Corcoran was a proper person to serve under Rule 4(a). There is no indication in the record on appeal that defendant presented any evidence below to challenge the veracity of Corcoran's assertion that he was authorized.[1]
Taking the affidavits as true, defendant failed to rebut the presumption of valid service and the trial court did not err in denying defendant's motion to dismiss as service appears to have been accomplished by a person duly authorized to serve summons and complaint pursuant to the methods for service of a natural person set forth in Rule 4(j)(1).
III. Conclusion
For the reasons elaborated, we hold the trial court did not err in denying defendant's motion to dismiss for insufficient service of process and lack of personal jurisdiction. Judgment in favor of plaintiff is affirmed.
AFFIRMED.
Judge STEELMAN concurs. Concurred prior to 30 June 2015.
Judge STEPHENS concurs.
Report per Rule 30(e).
Opinion
Appeal by defendant from judgment entered 15 August 2014 by Judge William Constangy in Mecklenburg County Superior Court. Heard in the Court of Appeals 22 April 2015.

We note plaintiff and defendant stipulated during the settling of the record on appeal that the transcript of the proceedings was not necessary for resolution of the issue raised on appeal. Thus, we must assume there was nothing pertinent to this issue in the transcript.