IN THE SUPREME COURT OF NORTH CAROLINA

No. 202A17

Filed 17 August 2018

MARJORIE C. LOCKLEAR

v.

MATTHEW S. CUMMINGS, M.D., SOUTHEASTERN REGIONAL MEDICAL CENTER, DUKE UNIVERSITY HEALTH SYSTEM, and DUKE UNIVERSITY AFFILIATED PHYSICIANS, INC.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, ___ N.C. App. ___, 801 S.E.2d 346 (2017), reversing an order entered on 2 February 2016 and affirming an order entered on 4 February 2016, both by Judge James Gregory Bell in Superior Court, Robeson County. Heard in the Supreme Court on 14 March 2018.

*Law Offices of Walter L. Hart, IV, by Walter L. Hart, IV; and Fulmer Law Firm, L.L.C., by H. Asby Fulmer, III, pro hac vice, for plaintiff-appellee.*

*Cranfill Sumner & Hartzog LLP, by Katherine Hilkey-Boyatt, David D. Ward, and Matthew R. Gambale, for defendant-appellants Matthew S. Cummings, M.D., Duke University Health System, and Duke University Affiliated Physicians, Inc.*

PER CURIAM.

This matter is before the Court based upon a dissent at the Court of Appeals. *Locklear v. Cummings*, ___ N.C. App. ___, 801 S.E.2d 346 (2017). The dissent concluded that plaintiff pled "a claim of medical malpractice by a healthcare provider in her complaint, not a claim of ordinary negligence as asserted by the majority." *Id.*

at \_\_\_, 801 S.E.2d at 352 (Berger, J., concurring in part and dissenting in part).  We agree that the majority at the Court of Appeals erred when it converted plaintiff's claim of medical malpractice into a claim of ordinary negligence.  *See Viar v. N.C. Dep't of Transp.*, 359 N.C. 400, 402, 610 S.E.2d 360, 361 (2005) (per curiam) ("It is not the role of the appellate courts . . . to create an appeal for an appellant.").  We therefore reverse the decision of the Court of Appeals on that ground and remand this case to that court to address whether the trial court erred in dismissing plaintiff's complaint. *See Vaughan v. Mashburn*, \_\_\_ N.C. \_\_\_, \_\_\_, \_\_\_ S.E.2d \_\_\_, \_\_\_ (Aug. 17, 2018) (42PA17) (concluding "that a plaintiff in a medical malpractice action may file an amended complaint under Rule 15(a)" by leave of court "to cure a defect in a Rule 9(j) certification when the expert review and certification occurred before the filing of the original complaint"); *Thigpen v. Ngo*, 355 N.C. 198, 204, 558 S.E.2d 162, 166 (2002) ("[P]ermitting amendment of a complaint to add the expert certification where the expert review occurred after the suit was filed would conflict directly with the clear intent of the legislature.").

REVERSED AND REMANDED.