HUNTER, JR., Robert N., Judge.
 

 *589
 
 Marjorie C. Locklear ("Plaintiff") appeals from an order dismissing her complaint against Defendants Dr. Matthew Cummings, Duke University Health System, and Duke University Affiliated Physicians (collectively "Duke Defendants") under Rule 9(j), as well as the denial of her motion to amend under Rule 15(a). Plaintiff also appeals from an order dismissing her complaint against Defendant Southeastern Regional Medical Center ("Southeastern") under Rules 9(j) and 12(b)(5), as well as the denial of her motion to amend under Rule 15(a). After review, we vacate and remand in part and affirm in part.
 

 I. Factual and Procedural Background
 

 On 30 July 2015, one day before the statute of limitations expired, Plaintiff filed a complaint against Defendants, seeking monetary damages for medical negligence. The complaint alleges the following narrative.
 

 On 31 July 2012, Dr. Cummings performed cardiovascular surgery on Plaintiff. During surgery, Dr. Cummings failed to monitor and control Plaintiff's body and was distracted. Additionally, he did not position himself in close proximity to Plaintiff's body. While Plaintiff "was opened up and had surgical tools in her[,]" Plaintiff fell off of the surgical table. Plaintiff's head and the front of her body hit the floor. As a result of the fall, Plaintiff suffered a concussion, developed double vision, injured her jaw, displayed bruises, and was "battered" down the left side of her body. Plaintiff also had "repeated" nightmares about falling off the surgical table. Duke Defendants and Defendant Southeastern acted negligently by retaining physicians, nurses, and other healthcare providers who allowed Plaintiff's accident to occur.
 

 *590
 
 In her complaint, Plaintiff included the following, in attempt to comply with Rule 9(j) of the North Carolina Rules of Civil Procedure :
 

 24. That the medical care and treatment rendered to Plaintiff by Defendant Cummings on July 31, 2012 has been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the North Carolina Rules of Evidence, and who is willing to testify that the medical care rendered to
 
 *589
 
 Plaintiff fell below the applicable standard of care.
 

 25. That the medical care and treatment of Defendant Cummings has been reviewed by a person that Plaintiff will seek to have qualified [as] an expert witness under Rule 702 of the North Carolina Rules of Evidence, and who is willing to testify that the medical care rendered to Plaintiff fell below the applicable standard of care.
 

 ....
 

 34. That the medical care and treatment of Defendant Southeastern Regional Medical Center has been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the North Carolina Rules of Evidence, and who is willing to testify that the medical care rendered to the decedent fell below the applicable standard of care.
 

 35. That the medical care and treatment of Defendant Southeastern Regional Medical Center has been reviewed by a person that the Plaintiff will seek to have qualified as an expert witness by Motion under Rule 702 of the North Carolina Rules of Evidence, and who is willing to testify that the medical care rendered to the decedent fell below the applicable standard of care.
 

 On 9 September 2015, private process server, Richard Layton, served Duke Defendants by delivering Plaintiff's civil cover sheet, summons, and complaint to Margaret Hoover, a registered agent for Duke Defendants. On 19 September 2015, Gary Smith, Jr. served Plaintiff's summons and complaint on Dr. Cummings. Lastly, on 24 September 2015, Smith served Plaintiff's summons and complaint on Southeastern by delivering the papers to C. Thomas Johnson, IV, Southeastern's Chief Financial Officer.
 
 [1]
 

 *591
 
 On 10 November 2015, Dr. Cummings and Duke Defendants filed a joint answer and motion to dismiss. Dr. Cummings and Duke Defendants denied the allegations in Plaintiff's complaint and asserted defenses under Rules 12(b)(6) and 9(j) of the North Carolina Rules of Civil Procedure.
 

 On 23 November 2015, Southeastern filed an answer and denied Plaintiff's allegations. Southeastern moved to dismiss Plaintiff's compliant under Rules 12(b)(4), 12(b)(5), 12(b)(6), and 9(j) of the North Carolina Rules of Civil Procedure. On 29 December 2015, Johnson filed an affidavit. In the affidavit, Johnson swore he was the Chief Financial Officer of Southeastern, but not the corporation's registered agent.
 

 On 8 January 2016, Plaintiff filed notice of submission of affidavits in opposition of Defendants' motions to dismiss. Plaintiff attached nurse Melissa Hannah's affidavit, which stated,
 
 inter alia
 
 :
 

 4. I have been retained by counsel for the Plaintiff Marjorie C. Locklear.
 

 5. I expect to be qualified as a nursing expert for the Plaintiff Marjorie Locklear.
 

 6. I have reviewed Marjorie Locklear's relevant medical records from Southeastern regional Medical Center for the time period of July 31, 2012 through August 5, 2012.
 

 6. [sic] From my review of these medical records, I determined that the nursing staff attending Ms. Locklear and assisting Dr. Matthew S. Cummings on July 31, 2012 deviated from the applicable standard of care for nursing personnel in letting Ms. Locklear fall off the catherization table on which she had been placed.
 

 7. I am ready willing and able to testify as to all relevant issues including those specified above.
 

 8. I first expressed by opinions in writing on July 28, 2015, by answering and relaying a questionnaire.
 

 Plaintiff also attached Dr. Richard Spellberg's affidavit, which stated,
 
 inter alia
 
 :
 

 3. I was retained by the Plaintiff in this action. Marjorie c. Locklear.
 

 *592
 
 4. I reviewed Ms. Locklear's medical records from Southeastern Regional Medical Center for the time period of July 31, 2012 through August 5, 2012.
 

 5. After my review, I orally expressed my opinion to counsel for the Plaintiff on July 21, 2015.
 

 ....
 

 7. I expect to be qualified as a physician expert for the Plaintiff Marjorie Locklear.
 

 8. From my review of the medical records specified above, I determined that Matthew S. Cummings, M.D. deviated from the standard of care applicable to Marjorie Locklear and her condition by letting her fall off the catherization table on which she had been placed.
 

 *590
 
 9. From my review of the medical records specified above, I determined that Dr. Cummings' deviation from the applicable standard of care resulted in injury to Ms. Locklear....
 

 ....
 

 11. I am ready willing and able to testify as to all relevant issues including those discussed above.
 

 On 11 January 2016, the trial court held a hearing on all Defendants' pending motions. During argument, Plaintiff requested "leave of the Court to amend [the] complaint so that there's no controversy hereafter." Plaintiff asserted she "wishe[d] to allege not just that the medical care and all medical records were reviewed but that the review was conducted prior to the complaint being filed and that a proper review was done." Then, Plaintiff requested leave "pursuant to Rules 15(a) and 60."
 

 On 2 February 2016, the trial court granted Dr. Cummings's and Duke Defendants' motion to dismiss pursuant to Rule 9(j) and denied Plaintiff's motion to amend under Rule 15(a). On 4 February 2016, the trial court granted Southeastern's motion to dismiss pursuant to Rules 9(j) and 12(b)(5) and denied Plaintiff's motion to amend under Rule 15(a). Plaintiff filed timely notice of appeal.
 

 II. Standard of Review
 

 The standard of review of a Rule 12(b)(6) motion to dismiss is
 
 de novo
 
 .
 

 *593
 

 Leary v. N.C. Forest Prods., Inc.,
 

 157 N.C. App. 396
 
 , 400,
 
 580 S.E.2d 1
 
 , 4 (2003). Likewise, a trial court's order dismissing a complaint pursuant to Rule 9(j) is reviewed
 
 de novo
 
 on appeal because it is a question of law.
 
 Barringer v. Wake Forest Univ. Baptist Med. Ctr.
 
 ,
 
 197 N.C. App. 238
 
 , 256,
 
 677 S.E.2d 465
 
 , 477 (2009) (citation omitted).
 

 "A motion to amend is addressed to the discretion of the trial court."
 
 Henry v. Deen
 
 ,
 
 310 N.C. 75
 
 , 82,
 
 310 S.E.2d 326
 
 , 331 (1984). "When the trial court's ruling is based on a misapprehension of law, the order will be vacated and the case remanded to the trial court for further proceedings."
 
 Vaughan v. Mashburn
 
 , --- N.C. ----, ----,
 
 817 S.E.2d 370
 
 , 374 (2018) ("
 
 Vaughan II
 
 ") (citing
 
 Concerned Citizens of Brunswick Cty. Taxpayers Ass'n v. State ex rel. Rhodes
 
 ,
 
 329 N.C. 37
 
 , 54-55,
 
 404 S.E.2d 677
 
 , 688 (1991) ).
 

 We review the trial court's dismissal under Rule 12(b)(5)
 
 de novo
 
 .
 
 New Hanover Cty. Child Support Enforcement ex rel. Beatty v. Greenfield
 
 ,
 
 219 N.C. App. 531
 
 , 533,
 
 723 S.E.2d 790
 
 , 792 (2012) (citation omitted).
 

 III. Analysis
 

 A. Motions to Dismiss under Rule 9(j) and Motion to Amend under Rule 15
 

 Plaintiff argues the trial court erred in dismissing her complaint against Defendants under Rule 9(j) and denying her motion to amend under Rule 15. We agree.
 

 Rule 9 of the Rules of Civil Procedure governs special pleadings and states:
 

 (j) Medical malpractice.-Any complaint alleging medical malpractice by a health care provider pursuant to G.S. 90-21.11(2) a. in failing to comply with the applicable standard of care under G.S. 90-21.12 shall be dismissed unless:
 

 (1) The pleading specifically asserts that the medical care and all medical records pertaining to the alleged negligence that are available to the plaintiff after reasonable inquiry have been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care;
 

 (2) The pleading specifically asserts that the medical care and all medical records pertaining to the alleged
 
 *594
 
 negligence that are available to the plaintiff after reasonable inquiry have been reviewed by a person that the complainant will seek to have qualified as an expert witness by motion under Rule 702(e) of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of
 
 *591
 
 care, and the motion is filed with the complaint; ....
 

 N.C. R. Civ. P. 9(j) (2017).
 

 In her brief, Plaintiff concedes "her counsel inadvertently failed to expressly state this pre-filing evaluation included a review of 'all medical records pertaining to the alleged negligence.' " However, Plaintiff argues she "actually complied with the substantive pre-suit review requirements of Rule 9(j)."
 

 Our Supreme Court recently addressed the interplay between Rule 15 and Rule 9(j) of the North Carolina Rules of Civil Procedure in
 
 Vaughan v. Mashburn
 

 .
 

 Vaughan II
 
 , --- N.C. ----,
 
 817 S.E.2d 370
 
 . In that case, plaintiff filed a complaint for medical malpractice but "inadvertently used the certification language of a prior version of Rule 9(j) [.]"
 

 Id.
 

 at ----,
 
 817 S.E.2d at 372
 
 . Specifically, plaintiff's complaint failed to include the following language "all medical records pertaining to the alleged negligence that are available to the plaintiff after reasonable inquiry[,]" as required by the current Rule 9(j).
 

 Id.
 

 at ----,
 
 817 S.E.2d at 372
 
 . Consequently, defendants filed a motion to dismiss plaintiff's complaint, pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure.
 

 Id.
 

 at ----,
 
 817 S.E.2d at 372
 
 . In response to defendants' motion, plaintiff filed a motion for leave to file an amended complaint.
 

 Id.
 

 at ----,
 
 817 S.E.2d at 372-373
 
 . Plaintiff wanted to amend her complaint to add the one missing sentence required by Rule 9(j), so as to be in compliance with Rule 9(j).
 

 Id.
 

 at ----,
 
 817 S.E.2d at 373
 
 . In support of her motion, plaintiff submitted affidavits, indicating an expert "reviewed plaintiff's medical care and related medical records before the filing of plaintiff's original complaint."
 

 Id.
 

 at ----,
 
 817 S.E.2d at 373
 
 . The trial court granted defendants' motion to dismiss, denied plaintiff's motion to amend, and dismissed plaintiff's complaint, with prejudice.
 

 Id.
 

 at ----,
 
 817 S.E.2d at 373
 
 . Plaintiff appealed.
 

 Our Court affirmed the trial court's order.
 
 Vaughan v. Mashburn
 
 , --- N.C. App. ----,
 
 795 S.E.2d 781
 
 (2016) ("
 
 Vaughan I
 
 "). Concluding precedent bound the decision, we held "where a medical malpractice 'plaintiff did not file the complaint with the proper Rule 9(j) certification before the running of the statute of limitation, the complaint cannot
 
 *595
 
 have been deemed to have commenced within the statute.' "
 

 Id.
 

 at ----,
 
 795 S.E.2d at 788
 
 (citation and emphasis omitted). Thus, the trial court did not err in denying plaintiff's motion to amend.
 

 Id.
 

 at ----,
 
 795 S.E.2d at 788
 
 . Plaintiff filed a petition for discretionary review with the North Carolina Supreme Court.
 
 Vaughan II
 
 , --- N.C. at ----,
 
 817 S.E.2d at 373
 
 . The Supreme Court allowed plaintiff's petition for discretionary review.
 

 Id.
 

 at ----,
 
 817 S.E.2d at 373
 
 .
 

 Our Supreme Court reversed this Court's decision. After reviewing the purposes behind Rule 15 and Rule 9(j), the Supreme Court held "a plaintiff in a medical malpractice action may file an amended complaint under Rule 15(a) to cure a defect in a Rule 9(j) certification when the expert review and certification occurred before the filing of the original complaint. Further, such an amended complaint may relate back under Rule 15(c)."
 

 Id.
 

 at ----,
 
 817 S.E.2d at 379
 
 . The Supreme Court further stated:
 

 [w]e again emphasize that in a medical malpractice action the expert review required by Rule 9(j) must occur before the filing of the original complaint. This pre-filing expert review achieves the goal of weed[ing] out law suits which are not meritorious before they are filed. But when a plaintiff prior to filing has procured an expert who meets the appropriate qualifications and, after reviewing the medical care and available records, is willing to testify that the medical care at issue fell below the standard of care, dismissing an amended complaint would not prevent frivolous lawsuits. Further, dismissal under these circumstances would contravene the principle that decisions be had on the merits and not avoided on the basis of mere technicalities.
 

 Id.
 

 at ----,
 
 817 S.E.2d at 379
 
 (citations and quotation marks omitted) (alteration and emphasis in original).
 

 In the case
 
 sub judice
 
 , Plaintiff inadvertently used Rule 9(j) certification language from a prior version of the rule, similar to plaintiff in
 
 Vaughan
 
 . After Defendants filed motions to dismiss, Plaintiff filed two affidavits, one by Dr. Spellberg and one by nurse
 
 *592
 
 Hannah. At the hearing, Plaintiff requested leave to amend her complaint, because she "wishe[d] to allege not just that the medical care and all medical records were reviewed but that the review was conducted prior to the complaint being filed and that a proper review was done." Following the Supreme Court's holding in
 
 Vaughan II
 
 , we hold the trial court erred in dismissing
 
 *596
 
 Plaintiff's complaint under Rule 9(j) and denying her motion to amend.
 
 [2]
 
 While Defendants present several arguments in support of affirming the trial court's orders-which would have been persuasive under prior case law-these arguments are based on technicalities. Agreeing with Defendants would violate the holding and spirit of
 
 Vaughan II
 
 . Accordingly, we vacate the trial court's orders dismissing Plaintiff's complaint against Defendants and denying Plaintiff's motion to amend and remand for proceedings not inconsistent with this opinion.
 
 [3]
 

 B. Motion to Dismiss under Rule 12(b)(5)
 

 Plaintiff next contends the trial court erred in dismissing her claims against Southeastern under Rule 12(b)(5). We disagree.
 

 Rule 4 of the North Carolina Rules of Civil Procedure governs service of process in North Carolina. Rule 4 states,
 
 inter alia
 
 :
 

 (a) Summons-Issuance; who may serve.-Upon the filing of the complaint, summons shall be issued forthwith, and in any event within five days. The complaint and summons shall be delivered to some proper person for service. In this State, such proper person shall be the sheriff of the county where service is to be made or some other person duly authorized by law to serve summons.
 

 ....
 

 (h) Summons-When proper officer not available.-If at any time there is not in a county a proper officer, capable of executing process, to whom summons or other process can be delivered for service, or if a proper officer refuses or neglects to execute such process, or if such officer is a party to or otherwise interested in the action or proceeding, the clerk of the issuing court, upon the facts being verified before him by written affidavit of the plaintiff or his agent or attorney, shall appoint some suitable person
 
 *597
 
 who, after he accepts such process for service, shall execute such process in the same manner, with like effect, and subject to the same liabilities, as if such person were a proper officer regularly serving process in that county.
 

 (h1) Summons-When process returned unexecuted.-If a proper officer returns a summons or other process unexecuted, the plaintiff or his agent or attorney may cause service to be made by anyone who is not less than 21 years of age, who is not a party to the action, and who is not related by blood or marriage to a party to the action or to a person upon whom service is to be made. This subsection shall not apply to executions pursuant to Article 28 of Chapter 1 or summary ejectment pursuant to Article 3 of Chapter 42 of the General Statutes.
 

 N.C. Gen. Stat. § 1A-1, Rule 4 (2016).
 

 Plaintiff argues service by a private process server is permissible under the North Carolina Rules of Civil Procedure if the private process server files an affidavit under
 
 N.C. Gen. Stat. § 1-75.10
 
 .
 
 [4]
 

 *593
 
 Southeastern contends holding Plaintiff's service was proper conflates Rule 4(a) with Rule 4(h) and Rule 4(h1). We agree.
 

 Here, Plaintiff hired a private process server, Smith, to serve Southeastern. On 24 September 2015, Smith served Johnson, the Chief Financial Officer of Southeastern. On 14 October 2015, Smith signed an "Affidavit of Process Server" asserting he was over the age of 18 years, not a party to the action, and "authorized by law to perform said service."
 

 In North Carolina, private process service is not always "authorized under law". The proper person for service in North Carolina is the sheriff of the county where service is to be attempted or some other person duly authorized by law to serve summons. N.C. Gen. Stat. § 1A-1, Rule 4(a). Although Plaintiff's process server filed the statutorily required affidavit, a self-serving affidavit alone does not confer "duly authorized by law" status on the affiant. Legal ability to serve process by private process server is limited by statute in North Carolina to scenarios where the sheriff is unable to fulfill the duties of a process server. N.C. Gen. Stat. § 1A-1, Rule 4(h), (h1). For example, if the office of the sheriff
 
 *598
 
 is vacant, the county's coroner may execute service.
 
 N.C. Gen. Stat. § 162-5
 
 . Additionally, if service is unexecuted by the sheriff under Rule 4(a), the clerk of the issuing court can appoint "some suitable person" to execute service under Rule 4(h). Here, the record does not disclose the sheriff was unable to deliver service so that the services of a process server would be needed. This is commonly accepted statutory practice in North Carolina and discussed in treatises dealing with civil procedure.
 
 See
 
 William A. Shuford,
 
 North
 

 Carolina Civil Practice and Procedure
 
 § 4.2 (6th ed.); 1 G. Gray Wilson,
 
 North Carolina Civil Procedure
 
 § 4-4, at 4-16 (2016). Accordingly, we affirm the trial court's order dismissing Plaintiff's claims against Southeastern under Rule 12(b)(5) of the North Carolina Rules of Civil Procedure.
 

 IV. Conclusion
 

 For the foregoing reasons, we vacate the portions of the trial court's orders dismissing Plaintiff's complaint under Rule 9(j) and denying Plaintiff's motion to amend. We affirm the portion of the trial court's order dismissing Plaintiff's complaint against Southeastern under Rule 12(b)(5).
 

 VACATED AND REMANDED IN PART; AFFIRMED IN PART.
 

 Judge CALABRIA concurs.
 

 Judge BERGER dissenting in part in separate opinion, concurring in part.
 

 BERGER, Judge, dissenting in part in separate opinion, concurring in part.
 

 I respectfully dissent from the portion of the majority opinion vacating and remanding the trial court's order that had dismissed Plaintiff's complaint and denied her motion to amend. Otherwise, I concur with the majority.
 

 First and foremost, it must be stressed that "[a] motion to amend the pleadings is addressed to the sound discretion of the trial court[,]" and "[t]he exercise of the court's discretion is not reviewable absent a clear showing of abuse."
 
 Carter v. Rockingham Cnty. Bd. Educ.
 
 ,
 
 158 N.C. App. 687
 
 , 690,
 
 582 S.E.2d 69
 
 , 72 (2003) (citations and quotation marks omitted). Furthermore, in our review of the denial of a motion to amend, a trial court's "ruling is to be accorded great deference and will be upset only upon a showing that it was so arbitrary that it could not have
 
 *599
 
 been the result of reasoned decision."
 
 Outer Banks Contractors, Inc. v. Daniels & Daniels Constr., Inc.
 
 ,
 
 111 N.C. App. 725
 
 , 729,
 
 433 S.E.2d 759
 
 , 762 (1993) (citations and quotation marks omitted).
 

 Here, Plaintiff sought to amend her complaint alleging medical malpractice so that it would comply with Rule 9(j) of the North Carolina Rules of Civil Procedure, which states that:
 

 Any complaint alleging medical malpractice by a health care provider pursuant to G.S. 90-21.11(2) a. in failing to comply with the applicable standard of care under G.S. 90-21.12 shall be dismissed unless:
 

 (1) The pleading specifically asserts that the medical care and
 
 all medical records pertaining to the alleged
 

 negligence that are available to the plaintiff after reasonable inquiry have
 

 *594
 

 been reviewed by a person who is reasonably expected to qualify as an expert witness
 
 under Rule 702 of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care;
 

 (2) The pleading specifically asserts that the medical care and
 
 all medical records pertaining to the alleged negligence that are available to the plaintiff after reasonable inquiry have been reviewed by a person that the complainant will seek to have qualified as an expert witness
 
 by motion under Rule 702(e) of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care, and the motion is filed with the complaint; or
 

 (3) The pleading alleges facts establishing negligence under the existing common-law doctrine of res ipsa loquitur.
 

 Upon motion by the complainant prior to the expiration of the applicable statute of limitations, a resident judge of the superior court for a judicial district in which venue for the cause of action is appropriate under G.S. 1-82 or, if no resident judge for that judicial district is physically present in that judicial district, otherwise available, or able or willing to consider the motion, then any presiding judge of the superior court for that judicial district may allow a motion to extend the statute of limitations for a period
 
 *600
 
 not to exceed 120 days to file a complaint in a medical malpractice action in order to comply with this Rule, upon a determination that good cause exists for the granting of the motion and that the ends of justice would be served by an extension. The plaintiff shall provide, at the request of the defendant, proof of compliance with this subsection through up to ten written interrogatories, the answers to which shall be verified by the expert required under this subsection. These interrogatories do not count against the interrogatory limit under Rule 33.
 

 N.C. Gen. Stat. § 1A-1, Rule 9 (emphasis added).
 

 " Rule 9(j) of the North Carolina Rules of Civil Procedure dictates the pleading requirements for bringing a medical malpractice action [and] serves as a gatekeeper, enacted by the legislature, to prevent frivolous malpractice claims by requiring expert review
 
 before
 
 filing of the action."
 
 Estate of Wooden ex rel. Jones v. Hillcrest Convalescent Ctr., Inc.
 
 ,
 
 222 N.C. App. 396
 
 , 401,
 
 731 S.E.2d 500
 
 , 504 (2012) (citation and quotation marks omitted). This Rule also "unambiguously requires a trial court to dismiss a complaint if the complaint's allegations do not facially comply with the rule's heightened pleading requirements."
 
 Norton v. Scotland Mem'l Hosp., Inc.
 
 , --- N.C. App. ----, ----,
 
 793 S.E.2d 703
 
 , 707 (2016) (citation omitted). Our Supreme Court has clarified that the review contemplated by Rule 9(j)(1) and (2) must occur prior to the filing of a medical malpractice complaint to avoid dismissal.
 
 Vaughan v. Mashburn
 
 , --- N.C. ----, ----,
 
 817 S.E.2d 370
 
 , 377 (2018).
 

 Additionally, "[b]ecause the legislature has required strict compliance with this rule, our courts have ruled that if a pleader fails to properly plead his case in his complaint, it is subject to dismissal without the opportunity for the plaintiff to amend his complaint under Rule 15(a)."
 
 Alston v. Hueske
 
 ,
 
 244 N.C. App. 546
 
 , 553,
 
 781 S.E.2d 305
 
 , 310 (2016) (citation omitted);
 
 Keith v. Northern Hosp. Dist. of Surry Cnty.
 
 ,
 
 129 N.C. App. 402
 
 , 405,
 
 499 S.E.2d 200
 
 , 202 (1998). In the drafting of Rule 9(j)(1) and (2), which both require review of "
 
 all
 
 medical records," "[w]e presume that the legislature carefully chose each word used."
 
 Moore v. Proper
 
 ,
 
 366 N.C. 25
 
 , 31,
 
 726 S.E.2d 812
 
 , 817 (2012) (
 
 purgandum
 

 [5]
 
 ).
 

 *601
 
 The
 
 *595
 
 United States Court of Federal Claims gave the best explanation of 'all,' when it wrote:
 

 'All' is often used in writing intended to have legal effect as a preface to flexible or imprecise words, as in 'all other property,' 'all the rest and residue,' 'all and every,' 'all speed,' 'all respect.' Its purpose is to underscore that intended breadth is not to be narrowed. 'All' means the whole of that which it defines-not less than the entirety. 'All' means all and not substantially all.
 

 Nat'l Steel & Shipbuilding Co. v. United States
 
 ,
 
 190 Ct. Cl. 247
 
 , 267,
 
 419 F.2d 863
 
 , 875 (1969). We therefore must presume that when the legislature wrote 'all medical records,' it meant "all and not substantially all" records.
 
 Id
 
 .
 

 The issue in
 
 Vaughan v. Mashburn
 
 , as here, concerned relation back of Rule 9(j) certification through an amended complaint
 
 after
 
 expiration of the statute of limitations.
 
 Vaughan
 
 , --- N.C. at ----,
 
 817 S.E.2d at 379
 
 . However, the plaintiff in
 
 Vaughan
 
 filed a motion to amend her complaint to assert that "
 
 all
 
 medical records pertaining to the alleged negligence that are available to Plaintiff after reasonable inquiry had been reviewed before the filing of the original complaint."
 
 Id
 
 . (quotation marks omitted) (emphasis added).
 

 Plaintiff here did not allege in her oral motion to amend or in affidavits filed in opposition to defendant's motion to dismiss that her expert witnesses had reviewed "
 
 all
 
 medical records pertaining to the alleged negligence that are available to Plaintiff." The record contains an unsworn, undated affidavit of Dr. Richard D. Spellberg, who stated that he had "reviewed Ms. Locklear's medical records from Southeastern Regional Medical Center for the time period of July 31, 2012 through August 5, 2012" on July 27, 2017. His answers to a written questionnaire attached to the unsworn, undated affidavit indicate that he "reviewed Marjorie Locklear's medical records" for the same location and time period.
 

 Similarly, Plaintiff provided the affidavit of nurse Melissa L. Hannah. Ms. Hannah swore that she had reviewed Plaintiff's "
 
 relevant
 
 medical records from Southeastern regional [
 
 sic
 
 ] Medical Center for the time period of July 31, 2012 through August 5, 2012." Ms. Hannah also completed a questionnaire in which she confirmed that she had reviewed Plaintiff's "
 
 relevant
 
 medical records."
 

 Neither potential expert certified by affidavit or otherwise stated that they had reviewed
 
 all
 
 of Plaintiff's medical records relating to the
 
 *602
 
 alleged medical malpractice. Dr. Spellberg simply alleged that he had reviewed Plaintiff's medical records, but does not state he reviewed
 
 all
 
 of Plaintiff's medical records concerning the alleged negligence. Ms. Hannah stated that she had reviewed only medical records she deemed to be
 
 relevant
 
 for that same time period. Neither meet the certification requirements of Rule 9(j). Because Plaintiff did not assert that a potential expert witness had reviewed "
 
 all
 
 medical records pertaining to the alleged negligence" prior to the filing of the original complaint, she has not satisfied the requirements of Rule 9(j) as clarified by
 
 Vaughan
 
 . Any complaint that fails to comply with the certification requirements "shall be dismissed." N.C. Gen. Stat. § 1A-1, Rule 9(j).
 

 Plaintiff alleged that her care and treatment occurred July 31, 2012, and she filed her action July 30, 2015, one day before the statute of limitations would expire. Plaintiff's medical malpractice complaint failed to include a required Rule 9(j) certification regarding review of medical records.
 

 Plaintiff failed to seek amendment of her complaint until January 11, 2016, nearly six months after the statute of limitations had expired, and 44 days beyond [t]he 120-day extension of the statute of limitations available to medical malpractice plaintiffs by Rule 9(j) ... for the purpose of complying with Rule 9(j). Allowing an amendment would have been futile, so it cannot be said that the trial court abused its discretion in denying that motion. Plaintiff failed to plead proper Rule 9(j) certification in her complaint before the statute of limitations expiration. If any complaint alleging medical malpractice shall be dismissed for failure to comply with the certification mandate of Rule 9(j), it cannot be said that the trial court erred in granting Defendants' motion to dismiss.
 

 *596
 

 Locklear v. Cummings
 
 , --- N.C. App. ----, ---- - ----,
 
 801 S.E.2d 346
 
 , 355-56 (2017) (Berger, J., concurring in part and dissenting in part) (citation and quotation marks omitted),
 
 reversed
 
 , --- N.C. ----,
 
 817 S.E.2d 571
 
 (2018).
 

 [1]
 

 In Smith's affidavit, he listed Johnson as Southeastern's registered agent.
 

 [2]
 

 Our holding does not conflict with this Court's recent decision,
 
 Fairfield v. WakeMed
 
 , --- N.C. App. ----,
 
 821 S.E.2d 277
 
 ,
 
 2018 WL 4700651
 
 (N.C. Ct. App. Oct. 2, 2018). In
 
 Fairfield
 
 , plaintiff did not file or appeal from a motion to amend. Thus, the holding of
 
 Vaughan II
 
 did not apply, because there was no interplay between Rule 9(j) and Rule 15. Instead, our Court based its decision only on Rule 9(j).
 

 [3]
 

 The trial court dismissed Plaintiff's complaint against Dr. Cummings and Duke Defendants only under Rule 9(j) ; thus, we vacate that order. However, the trial court dismissed Plaintiff's complaint against Southeastern under Rule 9(j)
 
 and
 
 Rule 12(b)(5). We vacate the portion of the order decided under Rule 9(j) and affirm the portion of the order decided under Rule 12(b)(5).
 

 [4]
 

 In support of her argument, Plaintiff also cites
 
 Garrett v. Burris
 
 , No. COA14-1257,
 
 2015 WL 4081832
 
 (unpublished) (N.C. Ct. App. July 7, 2015). However,
 
 Garrett
 
 is an unpublished opinion and is not binding authority.
 

 [5]
 

 Our shortening of the Latin phrase "
 
 Lex purgandum est.
 
 " This phrase, which roughly translates "that which is superfluous must be removed from the law," was used by Dr. Martin Luther during the Heidelberg Disputation on April 26, 1518 in which Dr. Luther elaborated on his theology of sovereign grace. Here, we use
 
 purgandum
 
 to simply mean that there has been the removal of superfluous items, such as quotation marks, ellipses, brackets, citations, and the like, for ease of reading.