Pro-Tops, Inc. v. Maksimenko, 2025 NCBC 4.

STATE OF NORTH CAROLINA

UNION COUNTY

PRO-TOPS, INC.,

        Plaintiff,

  v.

YURIY MAKSIMENKO,

        Defendant.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
24 CVS 5124

**ORDER AND OPINION ON
DEFENDANT YURIY MAKSIMENKO'S
MOTION TO DISMISS**

1.　**THIS MATTER** is before the Court on Defendant Yuriy Maksimenko's Motion to Dismiss (the "Motion") pursuant to Rule 12(b)(5) of the North Carolina Rules of Civil Procedure (the "Rule(s)"), (ECF No. 18).

2.　The Court, having considered the Motion, the related briefing, and the arguments of counsel at a hearing on the Motion held 6 February 2025, concludes for the reasons stated below that the Motion should be **GRANTED**.

*Van Hoy, Reutlinger, Adams & Dunn, PLLC, by Bryan Adams and C. Grainger Pierce, Jr., for Plaintiff Pro-Tops, Inc.*

*Bell, Davis & Pitt, P.A., by Marc E. Gustafson, for Defendant Yuriy Maksimenko.*

Earp, Judge.

## I.　BACKGROUND

3.　Plaintiff Pro-Tops, Inc. ("Pro-Tops" or "Plaintiff") filed its Verified Complaint for Injunctive Relief and for Damages on 10 December 2024 in Union County Superior Court, (ECF No. 3).　The summons was issued the same day. (Summons, ECF No. 3.1.)

4.      On 11 December 2024, this matter was designated as a mandatory complex business case and assigned to the undersigned, (ECF Nos. 1, 2.)  Also on 11 December 2024, Pro-Tops filed an Amended Verified Complaint.  (Am. Ver. Compl., ECF No. 6.)[1]  The Amended Verified Complaint purports to assert claims for breach of contract, breach of fiduciary duty, misappropriation of trade secrets, civil liability for theft by employee, tortious interference with customer relations and prospective customer relations, and unfair and deceptive trade practices.  (*See generally*, Am. Ver. Compl.)

5.      On 20 December 2024, Plaintiff's counsel filed an Affidavit of Service representing that on 19 December 2024, Defendant Yuriy Maksimenko ("Maksimenko" or "Defendant") was served with the Amended Verified Complaint, along with other documents, by Legal Wheels Errand Services, LLC ("Legal Wheels"), a private process server.  (Aff. of Service ¶¶ 3–4, ECF No. 10.)

6.      According to the affidavit of Nicholas Ayers ("Ayers"), an agent for Legal Wheels, he attempted service on Maksimenko on six occasions between 11 December 2024 and 18 December 2024, without success.  (Suppl. Aff. of Service ¶¶ 2–7, ECF No. 20.8.)  On 19 December 2024, Maksimenko, having received a message to call, contacted Ayers by telephone, denied that he was "ducking service," and arranged to meet Ayers at an Ace Hardware store.  Ayers handed Maksimenko a copy of both the

---

[1] Plaintiff's Affidavit of Service states that an alias and pluries summons was issued by the Union County Clerk of Superior Court on 11 December 2024.  (Aff. of Service ¶ 2, ECF No. 10.)  However, the alias and pluries summons does not appear on the Court's docket.

summons and the Amended Verified Complaint at the Ace Hardware later that afternoon.[2] (Suppl. Aff. of Service ¶¶ 7−9.)

7. On 20 December 2024, Plaintiff filed a Motion for Expedited Discovery in anticipation of a motion for preliminary injunction. (Mot. for Expedited Disc., ECF No. 8.) Defendant filed a motion for extension to brief his opposition to Plaintiff's Motion for Expedited Discovery on 3 January 2025, first arguing, among other things, that he had not been properly served. (Def.'s Request for Extension and Opp. to Pl.'s Mot. for Expedited Disc. 2, ECF No. 14.)

8. On 10 January 2025, Defendant filed a supplemental brief in opposition to Plaintiff's Motion for Expedited Discovery, again first arguing that service of the complaint was not proper. (Def.'s Suppl. Opp. to Pl.'s Mot. for Expedited Disc. [Def's Opp. to Expedited Disc.] 2−3, ECF No. 17.) Defendant followed his opposition brief with this Motion on 15 January 2025.

9. After briefing, the Court held a hearing on the Motion on 6 February 2025, at which all parties were represented by counsel. (Not. of Hr'g, ECF No. 22.) The Motion is now ripe for disposition.

## II. LEGAL STANDARD

10. "It is well established that a court may obtain personal jurisdiction over a defendant only by the issuance of summons and service of process by one of the statutorily specified methods." *Glover v. Farmer*, 127 N.C. App. 488, 490 (1997), *disc.*

---

[2] Ayers testified that he also served Maksimenko with a copy of the Civil Action Coversheet, the Amended Notice of Designation, the Assignment Order and the Designation Order. (Suppl. Aff. of Service ¶ 9.)

*review denied*, 347 N.C. 575 (1998). "While a defective service of process may give the defending party sufficient and actual notice of the proceedings, such actual notice does not give the court jurisdiction over the party." *Thomas & Howard Co. v. Trimark Catastrophe Servs.*, 151 N.C. App. 88, 91 (2002) (citation and quotation marks omitted).

11. "Pursuant to Rule 12(b)(5), an action must be dismissed when service of process is not valid." *BIOMILQ, Inc. v. Guiliano*, 2024 NCBC LEXIS 8, at *9 (N.C. Super. Ct. Jan. 9, 2024) (citing *Draughon v. Harnett Cnty. Bd. of Educ.*, 166 N.C. App. 449, 451 (2004); *see also* N.C. R. Civ. P. 12(b)(5); *Glover*, 127 N.C. App. at 490 ("Absent valid service of process, a court does not acquire personal jurisdiction over the defendant and the action must be dismissed.").

## III.    ANALYSIS

12. Defendant contends that this case is subject to dismissal for improper service because "the Affidavit of Service does not indicate the sheriff was unable to effect service such that a process server would be needed, and a review of the Union County Sheriff's website does not indicate service by sheriff was attempted or that the sheriff was otherwise unable to serve the Summons and Complaint." (Br. Supp. Def. Yuriy Maksimenko's Mot. to Dismiss 2, ECF No. 19.)

13. Plaintiff responds that it determined that service via private process server was necessary because, in its view, "the multiplicity of attempts made by the private process server demonstrates that any attempted service by the sheriff would

have been futile." (Pl.'s Reply Supp. Mot. to Expedite Disc. 7–9, ECF No. 20.) But Plaintiff misunderstands the requirements of Rule 4.

14. Rule 4 specifies the manner for service of process on a person. If service is to take place inside the State, "[t]he complaint and summons shall be delivered to some proper person for service . . . such proper person shall be the sheriff of the county where service is to be made or some other person duly authorized by law to serve summons." N.C. R. Civ. P. 4(a).

15. However, private process servers are not always authorized by law. When service is to be made inside the State, use of a private process server is limited by statute to "scenarios where the sheriff is unable to fulfill the duties of a process server." *Locklear v. Cummings*, 262 N.C. App. 588, 597–98 (2018). Rule 4(h) describes those scenarios and mandates the steps to follow:

> If at any time there is not in a county a proper officer, capable of executing process, to whom summons or other process can be delivered for service, or if a proper officer refuses or neglects to execute such process, or if such officer is a party to or otherwise interested in the action or proceeding, the clerk of the issuing court, upon the facts being verified before him by written affidavit of the plaintiff or his agent or attorney, shall appoint some suitable person who, after he accepts such process for service, shall execute such process in the same manner, with like effect, and subject to the same liabilities, as if such person were a proper officer regularly serving process in that county.

N.C. R. Civ. P. 4(h).

16. Thus, even in situations where the sheriff in the county in which the action is pending is unable to effect service, use of a private process server is not automatically authorized. Further, there is no futility exception in Rule 4 that would permit a plaintiff to make a subjective determination that it is necessary to hire a

private process server. Instead, if the plaintiff submits an affidavit stating the reasons that service by sheriff is not possible, the clerk of the issuing court is responsible for appointing some other suitable person to do it. N.C. R. Civ. P. 4(h); *see also* G. Gray Wilson N.C. Civ. Pro., § 4-4 at 4-15 (4th ed. 2020).

17. In this case, "there is no return of service or other filing in the record to indicate that the sheriff could not serve, or did not make diligent efforts to serve, [Maksimenko], or that the Clerk of Court has duly appointed any private person . . . to serve process upon [Maksimenko]." *Schwarz v. St. Jude Med.*, 2018 N.C. Super. LEXIS 502, at *5 (Jan. 16, 2018). Accordingly, Ayers' delivery of the complaint and summons to Maksimenko was not proper service. *See id.*; *Locklear*, 262 N.C. App. at 598 ("[T]he record does not disclose the sheriff was unable to deliver service so that the services of a process server would be needed . . . . Accordingly, we affirm the trial court's order dismissing Plaintiff's claims[.]").

18. Nevertheless, citing *Storey v. Hailey*, 114 N.C. App. 173 (1994), Plaintiff argues that because Maksimenko agreed to meet the private process server, received a copy of the complaint and summons, and is on actual notice of the lawsuit, he is estopped from arguing that service was not valid. (Pl.'s Resp. Opp. Mot. Dismiss ["Pl.'s Resp. Opp."] 3–4, ECF No. 21.) The Court disagrees.

19. In *Storey*, the plaintiff stipulated to two extensions of time for the defendant to respond to the complaint. 114 N.C. App. at 175. It was not until those extensions expired that the defendant moved to dismiss the plaintiff's claims for insufficient process, insufficient service of process, lack of personal jurisdiction, and

expiration of the statute of limitations. *Id.* The Court observed that the stipulated extensions resulted in the responsive pleading not being due until well after the deadline for the plaintiff to procure either an endorsement of the original summons or issuance of an alias and pluries summons. *Id.* at 177. Accordingly, the plaintiff "was deprived of any opportunity to cure any defects in the process or in the service of process[.]" For that reason, the Court of Appeals reversed the trial court's order dismissing the action and held that defendant was estopped from asserting insufficiency of process or service of process. *Id.*

20. Here, unlike the plaintiff in *Storey*—who was lulled by the defendant into a false sense of security—Pro-Tops was alerted to the service defect no later than 3 January 2025, when Defendant identified the issue in his brief opposing Plaintiff's Motion for Expedited Discovery. Plaintiff then had until 8 February 2024 to effect service. N.C. R. Civ. P. 4(c). Because Plaintiff has been on notice of the service issue for weeks, and because he can still obtain an alias and pluries summons, he has not been deprived of an opportunity to cure the service problem, and estoppel does not apply. *Storey*, 114 N.C. App. at 177.[3]

21. Finally, Plaintiff argues that even if service of process was deficient, dismissal under Rule 12(b)(5) is premature. Instead, Plaintiff contends that the

---

[3] Defendant's response in opposition to Plaintiff's Motion for Expedited Discovery did not constitute a general appearance waiving his right to contest service. As stated above, Defendant raised the service issue at every opportunity. *See Ryals v. Hall-Lane Moving & Storage Co., Inc.*, 122 N.C. App. 242, 247−48 (1996) ("When a defendant promptly alleges a jurisdictional defense as his initial step in an action, he fulfills his obligation to inform the court and his opponent of possible jurisdictional defects."); *cf. Slattery v. Appy City, LLC*, 385 N.C. 726, 730 (2024) ("A defendant makes a general appearance when [he] appears before a court and submits to its adjudicatory power without objecting to its jurisdiction over [him].").

proper remedy is for the Court to quash the attempted service. (Pl.'s Resp. Opp. 4–6.) However, North Carolina law holds that "[a]bsent valid service of process, a court does not acquire personal jurisdiction over the defendant and the action must be *dismissed.*" *Glover*, 127 N.C. App. at 490 (citing *Sink v. Easter*, 284 N.C. 555, 561 (1974) (emphasis added)); *see also Loclear*, 262 N.C. App. at 598 (Affirming the trial court's order *dismissing* the plaintiff's claims. (emphasis added)); *BIOMILQ, Inc.*, 2024 NCBC LEXIS 8, at \*9 ("Pursuant to Rule 12(b)(5), an action must be *dismissed* when service of process is not valid." (emphasis added)).

## IV.  CONCLUSION

22.  **WHERFORE**, the Court hereby **GRANTS** Defendant Yuriy Maksimenko's Motion to Dismiss. The Amended Verified Complaint, (ECF No. 6), is **DISMISSED** without prejudice.[4]

**IT IS SO ORDERED**, this the 10th day of February, 2025.

/s/ Julianna Theall Earp

Julianna Theall Earp
Special Superior Court Judge
 for Complex Business Cases

---

[4] The Court's decision moots Plaintiff's pending Motion for Expedited Discovery, (ECF No. 8).