An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-441

Filed 4 February 2026

Union County, No. 24CVS003084-890

STEPHEN PLYLER, Plaintiff,

v.

JOHN MEADE, Defendant.

Appeal by Plaintiff from order entered 6 December 2024 by Judge Jonathan W. Perry in Union County Superior Court. Heard in the Court of Appeals 12 January 2026.

*Stephen Plyler, Pro Se Plaintiff-Appellant.*

*Lincoln Derr PLLC, by Jonathan J. Wilson and Sara R. Lincoln, for Defendant-Appellee.*

PER CURIAM.

Plaintiff Stephen Plyler appeals an order allowing Defendant John Meade's motion to dismiss for failure to comply with the North Carolina Rules of Civil Procedure. For the reasons stated herein, we affirm the trial court's order.

## I. Background

Plaintiff filed a pro se complaint against Defendant on 30 September 2024 for

medical malpractice, alleging res ipsa loquitur. Plaintiff's complaint alleged that on or about 10 January 2022, Defendant performed a hip replacement surgery on Plaintiff. Following the surgery, Plaintiff had hip pain and related issues.

Plaintiff filed a medical malpractice complaint against Defendant on 30 September 2024, and summons was issued that day. Plaintiff did not serve Defendant with the actual summons and complaint. Instead, Plaintiff mailed Defendant a document titled "Notice" and a document titled "The Acknowledgement of Receipt of Summons and Complaint Must be Completed."

Defendant moved to dismiss on 30 October 2024 under Rules of Civil Procedure 12(b)(2), 12(b)(5), 12(b)(6), and 9(j). Defendant filed an affidavit averring he had neither received nor seen a summons and complaint in this matter. After a hearing, the trial court dismissed Plaintiff's complaint for insufficient service of process and failure to comply with Rule 9(j). Plaintiff appealed.

## II.    Analysis

Plaintiff argues the trial court erred by dismissing his medical malpractice claim.

A defendant may move to dismiss a complaint under Rule 12(b)(2) for "lack of jurisdiction over the person" and under Rule 12(b)(5) for "insufficiency of service of process." N.C. Gen. Stat. § 1A-1, Rules 12(b)(2), (5) (2025). We review a trial court's dismissal under Rule 12(b)(2) to determine "whether the record contains evidence that would support the court's determination that the exercise of jurisdiction over

[the] defendant[ ] would be inappropriate." *Stacy v. Merrill*, 191 N.C. App. 131, 134 (2008) (citation omitted). We review a trial court's dismissal under Rule 12(b)(5) de novo. *Locklear v. Cummings*, 262 N.C. App. 588, 593 (2018) (citations omitted).

Service of process may be effected on a defendant in various ways, each requiring delivery of summons and complaint on the defendant. *See* N.C. Gen. Stat. § 1A-1, Rule 4(j) (2025). Specifically, Rule 4 authorizes the following methods of service of summons and complaint necessary to obtain personal jurisdiction over a defendant:

> (j) Process -- Manner of service to exercise personal jurisdiction. -- In any action commenced in a court of this State having jurisdiction of the subject matter and grounds for personal jurisdiction as provided in G.S. 1-75.4, the manner of service of process within or without the State shall be as follows:
>
> > (1) Natural Person. -- Except as provided in subdivision (2) below, upon a natural person by one of the following:
> >
> > > a. By delivering *a copy of the summons and of the complaint* to the natural person or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein.
> > >
> > > b. By delivering *a copy of the summons and of the complaint* to an agent authorized by appointment or by law to be served or to accept service of process or by serving process upon such agent or the party in a manner specified by any statute.

> c. By mailing *a copy of the summons and of the complaint*, registered or certified mail, return receipt requested, addressed to the party to be served, and delivering to the addressee.
>
> d. By depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) *a copy of the summons and complaint*, addressed to the party to be served, delivering to the addressee, and obtaining a delivery receipt. As used in this sub-subdivision, "delivery receipt" includes an electronic or facsimile receipt.
>
> e. By mailing *a copy of the summons and of the complaint* by signature confirmation as provided by the United States Postal Service, addressed to the party to be served, and delivering to the addressee.

*Id.* (emphasis added). If there is no proper service of the summons and of the complaint, then there is no personal jurisdiction, and the action against defendant must be dismissed. *Sink v. Easter*, 284 N.C. 555, 561 (1974).

Here, Plaintiff mailed Defendant a document titled "Notice" and a document titled "The Acknowledgement of Receipt of Summons and Complaint Must be Completed." Plaintiff did not serve Defendant with the actual summons and complaint. Because Plaintiff never served Defendant with the summons and complaint, the trial court never obtained personal jurisdiction over Defendant. Accordingly, Plaintiff's claim was properly dismissed under Rules 12(b)(2) and 12(b)(5).

In light of this conclusion, we need not address the remaining grounds for

dismissal.

### III. Conclusion

For the reasons stated above, the order of the trial court is affirmed.

AFFIRMED.

Panel consisting of Judges ARROWOOD, COLLINS, and HAMPSON.

Report per Rule 30(e).